UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

Sony Electronics, Inc., :
et al. :
      :
v.    :   Lead Docket
      :   3:00cv754 (JBA)
      :
Soundview Technologies, Inc. :

### Ruling on Motions of Mitsubishi Digital Electronics America and Toshiba America Consumer Products to Alter or Amend Judgment [Docs. ## 454, 457]

On September 26, 2003, this Court issued an order entering partial final judgment pursuant to Fed. R. Civ. P. 54(b) [Doc. # 451], and an order staying the remaining claims in this case pending appeal of the partial final judgment [Doc. # 452]. Now before the Court come two motions, from Mitsubishi Digital Electronics America ("Mitsubishi") [Doc. # 454] and from Toshiba America Consumer Products ("Toshiba") [Doc. # 457], which seek alteration or amendment of these orders.

Mitsubishi argues that the Court overlooked its inequitable conduct and invalidity "claims," which had been raised in its Answer as affirmative defenses, and which provided a predicate for an award of attorney's fees. Toshiba likewise states that the Court's orders did not address whether Toshiba's defenses of inequitable conduct and invalidity, and its claim for attorney's

1

fees, were preserved.

The Court agrees with Soundview that affirmative defenses are not "claims" giving rise to a case or controversy. See, e.g. Cardinal Chemical Co. v. Morton International, Inc., 508 U.S. 83, 93-94 (1993) ("An unnecessary ruling on an affirmative defense is not the same as the necessary resolution of a counterclaim for a declaratory judgment."); Altaver v. Freeman, 319 U.S. 359, 363 (1943) ("Though the decision of non-infringement disposes of the bill and answer, it does not dispose of the counterclaim which raises the question of validity."). Because this Court has already dismissed Soundview's complaint, ruling in favor of the non-Soundview parties, declaratory judgment on Mitsubishi's and Toshiba's inequitable conduct and invalidity defenses is not appropriate.

Mitsubishi and Toshiba nonetheless remain entitled to pursue their claims for attorneys fees under 35 U.S.C. § 285 and Fed. R. Civ. P. 11. As this Court's September 26, 2003 stay order provided, the stay "shall apply to all pending claims and motions, the filing of any bill of costs, and the filing of any request for further relief." [Doc. # 452]. As this prior order appears to have been misunderstood, the Court now clarifies that requests for attorneys fees are among the requests for further relief that will be considered.

Because Mitsubishi and Toshiba have not brought to the

Court's attention any pending claims that have not yet been stayed pending appeal, and because the Court's prior stay order provided for the filing of requests for further relief, such as for attorneys fees, there is no basis to alter or amend the judgment. Accordingly, Mitsubishi's Motion to Alter or Amend Judgment [Doc. # 454] and Toshiba's Motion to Alter or Amend Judgment [Doc. # 457] are DENIED.

IT IS SO ORDERED.

Janet Bond Arterton, U.S.D.J.

**Dated at New Haven, Connecticut, this 10th day of November, 2003.**

3