UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| SONY ELECTRONICS, INC. et al., | ) | OCTOBER 15, 2004 |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | LEAD DOCKET NO. |
| | ) | 3:00-CV-00754 (JBA) |
| | ) | U.S.D.C./New Haven |
| SOUNDVIEW TECHNOLOGIES, INC. et al., | ) | |
| | ) | ALL CASES |
| Defendants. | ) | |

**SOUNDVIEW'S RESPONSE TO
"SUPPLEMENTAL NOTICE TO COUNSEL"
AND REPORT UNDER RULE 26(f)**

Defendant Soundview Technologies, Inc. ("Soundview") respectfully submits this response to the Court's Supplemental Notice to Counsel dated October 5, 2004.

**I.     INTRODUCTION**

Soundview's counsel received the Court's notice by mail the afternoon of October 12, 2004. The primary counsel for Soundview who have knowledge of the case have been out of town since that time. The first effort by the plaintiffs to schedule a conference under Rule 26 came late Wednesday, October 13, unilaterally scheduling a conference for mid-day on Thursday, October 14. This notice, of less than a day, was not adequate advance notice to allow Soundview's counsel to participate at the time appointed by the plaintiffs, due to travel and scheduling conflicts. Plaintiffs' proposed conference time also left only a day to prepare the supplemental report under Rule 26(f) that the Supplemental Notice to Counsel ordered filed by October 15, 2004. Soundview's meaningful participation has thus been precluded by these events.

The Supplemental Notice also orders "a written statement signed by all counsel of record explaining why sanctions should not be imposed for the parties failure to comply with Local Rule 38."  In response, there is no basis to sanction Soundview pursuant to the Supplemental Notice to Counsel, or any rule of the Court.  The language of Conn. LR 26(e) (formerly Rule 38) neither provides nor suggests that a Rule 26(f) conference is required in this four-year-old case.  The Rule does not provide that a conference is required after an appeal that affirmed a final judgment in this action, which is what occurred here.  The Rule also provides that the Rule 26(f) conference is to be initiated by the plaintiff.  Soundview is not the plaintiff, and is not responsible for any delay.

## II.     JURISDICTION, CLAIMS AND DEFENSES

Soundview disputes that there are any justiciable issues remaining in the case.  The status of jurisdiction, claims and defenses is presented below.

The Court entered a partial final judgment dated October 1, 2003, pursuant to Fed.R.Civ.P. 54(b).  The appeal affirmed that judgment.  The Court's Order of Stay Pending Appeal, dated September 25, 2003, recites as pending claims certain portions of counterclaims filed by Sony and Sharp.  Soundview disputes that the Sony and Sharp counts mentioned in the stay order exist as continuing claims for relief, and disputes continuing jurisdiction over alleged "claims" that have been mooted by the judgment.  Aside from Sony and Sharp, there is no dispute that the final judgment resolved all claims filed by Soundview, Mitsubishi, Toshiba and EIA/CEA.

The non-Soundview parties have stated a desire to file motions for attorneys' fees.  Soundview denies that any party could meet the standards for such a motion.  In addition, the Order of Stay Pending Appeal, dated September 25, 2003, stayed remaining claims, motions,

filing of bills of costs, and the filing of any request for further relief "pending appeal of the partial final judgment." The appeal, and with it the stay, terminated no later than the return of the appellate mandate to this Court on August 11, 2004. The Rule 54(b) judgment is a final judgment, and the rules applicable to final judgments apply to the claims and parties terminated by the judgment. Fed.R.Civ.P. 54(d) requires that any attorneys' fees requests be made by motion, within 14 days after entry of judgment -- in this case, by August 25, 2004. Conn. LR 11(a) provides that motions for fees or sanctions "shall be filed with the Clerk and served on opposing parties within 30 days of the entry of judgment [in this case, by September 11, 2004]. Any motions not complying with this rule shall be denied." Even giving full effect to the order providing the stay pending appeal, the 14- or 30-day period began to run no later than August 11, 2004, when the appeal terminated with return of the mandate. Fed.R.Civ.P. 59 also requires that requests to alter or amend a judgment be filed within 30 days after entry of judgment. Similarly, Conn. LR 54 provides that a party who seeks costs must file a bill of costs within 10 days after the issuance of a mandate on appeal. No motions, requests for relief, or bills of costs have been filed, even though more than 30 days have elapsed since the stay order expired.

With respect to the counts of Sony's and Sharp's pleadings that are recited in the Court's stay order, Sony has proffered a waiver of the Ninth and Eleventh Counterclaims. Such waiver terminates any claim contained in those counts in favor of Soundview. Sony and Sharp have stated an intent to pursue the other counts mentioned in the stay order, based upon an affirmative patent defense of inequitable conduct. As for those counts, Soundview's position is that they are not viable, justiciable claims but, at most, raise issues that are either mooted by or subsumed in the final judgment. A finding of inequitable conduct as a defense to a claim for infringement would only have the procedural effect of rendering the patent

unenforceable. The patent in this case has expired. Further, the Court's Scheduling Order and Endorsement Order, dated September 25, 2002, denied Soundview's motion for summary judgment on the inequitable conduct issues, without prejudice, on the basis that the inequitable conduct issue was rendered moot by the summary judgment on patent infringement. That same reasoning would bar the same defense now.

In sum, Soundview's position is that there is no basis for continued jurisdiction over the matters the non-Soundview parties seek to pursue in this case. Separately, Soundview has numerous defenses to the merits of those allegations.

### III.   CASE MANAGEMENT

Given the posture of this case, Soundview's view is that there is no need for the typical Rule 26(f) schedule addressing discovery and similar matters. Rather, the Court's continuing jurisdiction can be resolved under an appropriate procedure acceptable to the Court. Sony and Sharp seek a trial on issues of inequitable conduct. If any issues of inequitable conduct were to proceed on the merits, Soundview would need to renew the motion for summary judgment that the Court's September 25, 2002 order gave leave to renew if the issue "has not been rendered moot by the summary judgment of non-infringement." If any party were to file a motion for attorneys' fees or similar further relief, Soundview obviously would respond at that time, both on the issues of timeliness and jurisdiction and on the merits.

As for further discovery, Soundview would seek only to respond to any new issues permissibly raised by the other parties. For example, if they were to submit new information in a motion for attorneys' fees in the future, Soundview should be permitted discovery on the new matter as appropriate.

Respectfully submitted,

SOUNDVIEW TECHNOLOGIES, INC.


By_____/s/ David S. Monastersky_____
John J. Bogdanski (ct06217)
David S. Monastersky (ct13319)
HOWD & LUDORF
65 Wethersfield Avenue
Hartford, Connecticut 06114
(860) 249-1361
Fax: (860) 522-9549

Raymond P. Niro (ct18107)
John C. Janka (ct20463)
Robert P. Greenspoon (ct21736)
Paul C. Gibbons (ct18826)
NIRO, SCAVONE, HALLER AND NIRO
181 West Madison Street, Suite 4600
Chicago, Illinois 60602
Phone: (312) 236-0733

Attorneys for Soundview Technologies, Inc.

## CERTIFICATE OF SERVICE

The undersigned counsel of record hereby certifies that a copy of the foregoing **Soundview's Response to "Supplemental Notice to Counsel" And Report Under Rule 26(f)** was served upon the below listed parties by first class mail on October 15, 2004:

                                                      /s/ David S. Monastersky

## SERVICE LIST

| Counsel for Consumer Electronics Association ||
|---|---|
| Counsel | Local Counsel |
| Peter J. Kadzik<br>R. Bruce Holcomb<br>Gary Hoffman<br>Kenneth W. Brothers<br>Jorge Kotelanski<br>Dickstein Shapiro Morin & Oshinsky<br>2101 L Street, N.W.<br>Washington, D.C.  20037<br>Tel:  202-785-9700<br>Fax: 202-887-0689<br><br>Tel: 202-775-4704 (Kadzik)<br>kadzik@dsmo.com<br><br>Tel: 202-828-2242 (Holcomb)<br>hoffman@dsmo.com | Connecticut<br>Jacqueline D. Bucar<br>Ben Solnit<br>Tim Jensen<br>Peter Sachner<br>Tyler Cooper & Alcorn<br>205 Church Street<br>New Haven, Connecticut 06509-1910<br>Tel: 203-784-8200<br>Fax: 203-865-7865<br>bucar@tylercooper.com<br><br>Tel: 203-784-8205 (Solnit)<br>solnit@tylercooper.com<br><br>Tel: 203-784-8228 (Jensen)<br>jensen@tylercooper.com<br><br>Tel: 203-784-8240 (Sachner)<br>sachner@tylercooper.com |

| **Counsel for Mitsubishi Digital Electronics America** ||
|---|---|
| Counsel | Local Counsel |
| Patent Infringement<br>Vincent J. Belusko<br>Eric Shih<br>Robert S. McArthur<br>Morrison & Foerster LLP<br>555 West Fifth Street<br>Los Angeles, California 90013-1024<br>Tel:   213-892-5200<br>Fax:   213-892-5454 | Connecticut<br>Joseph L. Clasen<br>James M. Ruel<br>David J. Burke<br>Robinson & Cole LLP<br>695 East Main Street<br>P.O. Box 10305<br>Stamford, CT 06901<br>Tel:   203-462-7510<br>Fax:   203-461-7599 |
| **Counsel for Sharp Electronics Corporation** ||
| Counsel | Local Counsel |
| Robert W. Adams<br>U.S. Mickey Gill<br>Nixon & Vanderhye, PC<br>1100 North Glebe Road, 8th Floor<br>Arlington, VA   22201-4714<br>Tel:   703-816-4000<br>Fax:   703-816-4100<br>email: rwa@nixonvan.com (Adams) | Connecticut<br>William M. Bloss<br>Alinor C. Sterling<br>Jacobs, Grudberg, Belt & Dow PC<br>350 Orange Street<br>New Haven, CT   06511<br>Tel:   203-772-3100 (x 271)<br>Fax:   203-772-1691<br>email: bbloss@jacobslaw.com |
| **Counsel for Toshiba America Consumer Products, Inc.** ||
| Counsel | Local Counsel |
| Larry S. Nixon<br>Michael Shea<br>Jeff Nelson<br>Nixon & Vanderhye, PC<br>1100 North Glebe Road<br>Arlington, VA   22201-4714<br>Tel:   703-816-4000<br>Fax:   703-816-4100<br>lsn@nixonvan.com | mailto:Thomas.Gallatin@lw.comConnecticut<br>William M. Bloss<br>Alinor C. Sterling<br>Jacobs, Grudberg, Belt & Dow, P.C.<br>350 Orange Street., P.O. Box 606<br>New Haven, Connecticut 06503<br>Tel: 203-772-3100<br>Fax: 203-772-1691 |

| **Counsel for Sony Electronics, Inc.  and Sony Corporation of America** | |
|---|---|
| <u>IP</u><br>Richard I.  Delucia<br>Richard Gresalfi<br>Elizabeth Gardner<br>Alex D.  Skucas<br>Jeffrey S.  Gerchuck<br>Thomas R. Makin<br>Kenyon & Kenyon LLP<br>One Broadway<br>New York, New York 10004<br>Tel:   212-425-7200<br>Fax:   212-425-5288<br>rdelucia@kenyon.com<br>egardner@kenyon.com<br><br><u>Antitrust</u><br>Richard M.  Steuer<br>Mayer, Brown, Rowe & Maw LLP<br>1675 Broadway<br>New York, NY  10019-5820<br>Tel:  212-506-2500<br>Fax:   212-262-1910<br>rsteuer@mayerbrown.com | |