UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| SONY ELECTRONICS, et al ) | Lead Docket No.: |
| ) | 3:00cv754 (JBA) |
| Plaintiffs ) | USDC/New Haven |
| v. ) | |
| ) | Member Case Nos.: |
| SOUNDVIEW TECHNOLOGIES, ) | 3:00cv768 (JBA) |
| ) | 3:00cv981 (JBA) |
| Defendant. ) | |
| ) | ALL CASES |
| ) | |
| ) | OCTOBER 15, 2004 |

## SUPPLEMENTAL CASE MANAGEMENT PLAN
## FILED BY THE NON-SOUNDVIEW PARTIES

Pursuant to the Notice to Counsel dated October 5, 2004 (as well as Fed. R. Civ. P., Rules 16(b) and 26(f)), a telephone conference was set up for October 14, 2004 at 1:00 pm (EST) between lead counsel for all of the parties remaining in this action. A facsimile letter with the call-in information for this phone conference was sent to all lead counsel on the afternoon of October 13th and the facsimile letter enclosed a draft Rule 26(f) report that was prepared by the non-Soundview parties in response to this Court's order of October 5th.

In response to this notification, counsel for all of the non-Soundview parties participated in the phone conference at the appointed time. These participants were Richard Gresalfi (Sony), David Fehrman (Mitsubishi), Michael Shea (Toshiba), Robert Adams (Sharp) and Peter Kadzik (EIA/CEA).

During the course of this phone conference, it was learned that counsel for Soundview had sent a facsimile shortly before 1:00 pm (EST) indicating that they were "not provided with

adequate advance notice" of the conference or the draft report. Counsel for Soundview also stated that "Soundview disagrees with much of what is presented" in the draft report prepared by the non-Soundview parties. In addition, counsel for Soundview indicated that they "will be considering the matter as quickly as possible."

Finally, in specific response to the Supplemental Notice to Counsel dated October 5, 2004, counsel for the non-Soundview parties believe that they have complied with the Local Rules because (1) no new defendant or plaintiff has recently appeared in this case, (2) a Rule 26(f) report was previously filed in this action several years ago, and (3) the time period for Soundview to file an appeal from the decision of the Court of Appeals for the Federal Circuit did not expire until a few weeks ago. For these reasons, counsel for the non-Soundview parties respectfully submit that sanctions are not appropriate here.

I.    **Certification**

Undersigned counsel for the non-Soundview parties certify that, after consultation with their clients, they have discussed the nature and basis of the remaining claims in this action and the defenses thereto. They also have discussed any possibilities for settlement or other resolution of the case. In consultation with their respective clients, counsel have developed the following proposed case management plan. Counsel further certify that they have forwarded a copy of this report to their respective clients.

II.   **Jurisdiction**

Jurisdiction of the causes of action in this action was previously described in the original case management plan. This Court granted summary judgment relief as to various causes of action, which decisions were affirmed on appeal by the United States Court of Appeal for the

Federal Circuit. See, *e.g.*, the Order Entering Partial Final Judgment (Dkt. #451), dated September 25, 2003.

By an Order of Stay Pending Appeal (Dkt. #452), dated September 25, 2003, this Court expressly retained jurisdiction over certain claims by Sony and over the "exceptional case" counterclaim by Sharp. The Court also expressly retained jurisdiction over "the filing of any request for further relief."

This latter language was clarified in a Ruling (Dkt. #462), dated November 10, 2003, which states in relevant part that "requests for attorneys fees are among the requests for further relief that will be considered" on remand.

## III. Brief Description of the Remaining Claims

### A. Remaining Claims of Sony, Sharp, Toshiba, Mitsubishi and EIA/CEA

1) Sony hereby advises the Court that it waives its Ninth Counterclaim (Unclean Hands) and Eleventh Counterclaim (Antitrust/Walker Process Violation). This waiver is made solely in order to simplify the issues remaining before this Court.

2) Sony maintains its other counterclaims – *i.e.*, Third through Seventh Counterclaim (Inequitable Conduct), Eighth Counterclaim (Patent Misuse) and Eleventh Counterclaim (Exceptional Case).

3) Sharp maintains its "exceptional case" counterclaim. This counterclaim is primarily based upon allegations of inequitable conduct arising, *inter alia*, from (a) false statements made in a Rule 131 Affidavit as to the alleged reduction to practice of the invention claimed in the patent in suit, which statements were made in order to overcome a prior art rejection; and (b) the

withholding of a printed publication (one or more letters from Mr. Elam to the FCC) describing the alleged invention more than one year prior to the filing date of the patent in suit.

 4) Sony, Sharp, Mitsubishi, Toshiba, Electronic Industries Alliance, Inc and Consumer Electronics Association seek recovery of their reasonable attorneys fees.

 B. Remaining Claims of Soundview

None.

## IV.  Supplemental Proposed Case Management Plan

This report will not address the matters set forth in the existing case management plan. Rather, it will merely propose a plan for the claims remaining in this case.

 A. Settlement Conference

The parties have discussed settlement possibilities with respect to the non-Soundview parties' demands for recovery of attorneys' fees. However, Soundview has refused to make any offer of payment. Therefore, the parties do not request a settlement conference. For the same reasons, the parties do not request a referral for alternative dispute resolution pursuant to D. Conn. L. Civ. R. 36.

 B. Discovery

The parties do not believe that any further discovery is permitted because the discovery period expired with respect to the inequitable conduct, exception case and patent misuse issues. In addition, extensive discovery was taken during the discovery period provided as to those issues within the time frame provided for in the existing case management order. Moreover, expert reports and expert declarations (which are equivalent to expert reports) were submitted by

the parties with respect to those remaining issues so that no further discovery is believed to be needed.

The only area where further discovery is needed is that, after the trial on the issue of unenforceability, the non-Soundview parties' should be permitted to submit the time and invoice records to the Court with respect to their demand for the recovery of attorneys' fees. This information was not previously produced because it's production would have invaded upon and/or waived the attorney client privileges and work product of the non-Soundview parties and their attorneys.

C. Dispositive Motions

The non-Soundview parties may seek leave from the Court to file a motion for attorneys fees. This issue will be discussed further at the case management conference.

The non-Soundview parties propose that the deadline for filing dispositive motions be December 8, 2004.

D. Trial Memorandum

The non-Soundview parties propose that the deadline for filing the trial memoranda be January 28, 2005, assuming that the Court does not defer that date in view of any pending dispositive motions.

V. Trial Readiness

As officers of the Court, the undersigned counsel agree to cooperate with each other and the Court to promote the just, speedy and inexpensive determination of this action. To that end, all of the remaining claims in this case are equitable in nature. Consequently, they will be decided by Your Honor and there is no need for a jury trial.

Further, counsel for the non-Soundview parties believe that the remaining issues can be fully presented in a 2 day trial. Post-trial briefing may be sought.

Respectfully submitted,

ON BEHALF OF THE
NON-SOUNDVIEW PARTIES

SONY ELECTRONICS, INC. and
SONY CORP. OF AMERICA

By: ___/s/ Jacqueline D. Bucar___
Jacqueline D. Bucar (CT 01187)
TYLER COOPER & ALCORN, LLP
205 Church Street, P.O. Box 1936
New Haven, Connecticut 06509-1910
Phone: (203) 784-8200
Fax:    (203) 865-7865
E-mail: Bucar@tylercooper.com


SHARP ELECTRONICS CORP.

By: ___/s/ William M. Bloss___
William M. Bloss (CT 01008)
KOSKOFF, KOSKOFF & BIEDER, P.C.
350 Fairfield Avenue
Bridgeport, Connecticut 06604
Phone: (203) 336-4421
Fax:    (203) 368-3244
E-mail: bbloss@koskoff.com

MITSUBISHI ELECTRONICS AMERICA

By: /s/ Brian E. Moran /JJB
Brian E. Moran (CT 05058)
ROBINSON & COLE, LLP
695 East Main Street
P.O. Box 10305
Stamford, Connecticut 06904-2305
Phone: (203) 462-7512
Fax:   (203) 462-7599
E-mail: bmoran@rc.com


TOSHIBA ELECTRONICS CORP.

By: /s/
William M. Bloss (CT 01008)
KOSKOFF, KOSKOFF & BIEDER, P.C.
350 Fairfield Avenue
Bridgeport, Connecticut 06604
Phone: (203) 336-4421
Fax:   (203) 368-3244
E-mail: bbloss@koskoff.com


ELECTRONIC INDUSTRIES ALLIANCE/
CONSUMER ELECTRONICS ASSN.

By: /s/ Jacqueline D. Bucar
Jacqueline D. Bucar (CT 01187)
TYLER COOPER & ALCORN, LLP
205 Church Street, P.O. Box 1936
New Haven, Connecticut 06509-1910
Phone: (203) 784-8200
Fax:   (203) 865-7865
E-mail: Bucar@tylercooper.com

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing was mailed by first class mail, postage prepaid, upon each of the following on this 15th day of October, 2004:

### COUNSEL FOR SOUNDVIEW TECHNOLOGIES

Raymond Niro, Esquire
Robert P. Greenspoon, Esquire
Niro, Scavone, Haller & Niro
181 W. Madison Street, Suite 4600
Chicago, Illinois 60602

John J. Bogdanski, Esquire
Howd & Ludorf
65 Wethersfield Avenue
Hartford, Connecticut 06114

### COUNSEL FOR CONSUMER ELECTRONICS ASSOCIATION/ ELECTRONIC INDUSTRIES ALLIANCE

Peter J. Kadzik, Esquire
Dickenstein Shapiro Morin & Oshinsky
2101 L Street N.W.
Washington, DC 20037

### COUNSEL FOR SHARP ELECTRONIC CORPORATION

Robert W. Adams, Esquire
Nixon & Vanderhye P.C.
1100 North Glebe Road, 8th Floor
Arlington, Virginia 22201-4714

William M. Bloss, Esquire
Koskoff, Koskoff & Bieder, P.C.
350 Fairfield Avenue
Bridgeport, Connecticut 06604

### COUNSEL FOR TOSHIBA AMERICA CONSUMER PRODUCTS, INC.

Larry Nixon, Esquire
Nixon & Vanderhye P.C.
1100 North Glebe Road, 8th Floor
Arlington, Virginia 22201-4714

William M. Bloss, Esquire
Koskoff, Koskoff & Bieder, P.C.
350 Fairfield Avenue
Bridgeport, Connecticut 06604

### COUNSEL FOR MITSUBISHI DIGITAL ELECTRONICS AMERICA, INC.

Vincent J. Belusko, Esquire
Morrison & Foerster
555 West Fifth Street
Suite 3500
Los Angeles, California 90013-1024

Joseph L. Clasen, Esquire
Brian E. Moran, Esquire
Robinson & Cole, LLP
695 East Main Street
P.O. Box 10305
Stamford, Connecticut 06904-2305

### COUNSEL FOR SONY ELECTRONICS, INC. and SONY CORPORATION OF AMERICA

Richard Gresalfi, Esquire
Richard I. Delucia, Esquire
Elizabeth Gardner, Esquire
Kenyon & Kenyon LLP
One Broadway
New York, New York 10004

Jacqueline D. Bucar (CT 01187)