UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| SONY ELECTRONICS, INC. et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | LEAD DOCKET NO. |
| ) | 3:00-CV-00754 (JBA) |
| ) | U.S.D.C./New Haven |
| SOUNDVIEW TECHNOLOGIES, INC. et al., ) | |
| ) | ALL CASES |
| Defendants. ) | |

**SOUNDVIEW'S MEMORANDUM IN SUPPORT OF ITS MOTION TO DISMISS
ALL PENDING COUNTERCLAIMS OF THE NON-SOUNDVIEW PARTIES**

**I.    INTRODUCTION**

The Non-Soundview Parties won their judgment of non-infringement. The Court of Appeals affirmed in August 2004. Meanwhile, the patent-in-suit expired in 2003 (20 years after it was filed). So what remains of this case? Only Sony's and Sharp's wasteful desire to beat a dead horse.

Of all remaining parties, only Sony and Sharp claim to have pending counterclaims. The Non-Soundview Parties' October 15, 2004 Rule 26(f) report identifies them:

> 2) Sony maintains its other counterclaims – *i.e.*, Third through Seventh Counterclaim (Inequitable Conduct), Eight Counterclaims (Patent Misuse) and Eleventh Counterclaim (Exceptional Case).

> 3) Sharp maintains its "exceptional case" counterclaim. This counterclaim is primarily based upon allegations of inequitable conduct arising, *inter alia*, from (a) false statements made in a Rule 131 Affidavit as to the alleged reduction to practice of the invention claimed in the patent in suit, which statements were made in order to overcome a prior art rejection; and (b) the withholding of a printed publication (one or more letters from Mr. Elam to the FCC) describing the alleged invention more than one year prior to the filing date of the patent in suit.

(October 15, 2004 Supplemental Case Management Plan Filed by the Non-Soundview Parties, at 3-4). Sharp's characterization is not even true. Its actual "Counterclaim" is not for "exceptional case" but merely recites a conclusory list of ordinary patent infringement defenses. (See Docket Nos.106, 130). Only Sharp's demand for judgment (also known as the "prayer for relief") mentions "exceptional case."

In pursuing these counterclaims, Sony and Sharp are seeking relief that is simply no longer available to them, and not within the Court's power to grant. The counterclaims seek a judgment on the merits of "inequitable conduct" and "patent misuse." If they were successful, the remedy in both instances is a judgment of patent unenforceability. GFI, Inc. v. Franklin Corp., 265 F.3d 1268, 1273 (Fed. Cir. 2001); C.R. Bard, Inc. v. M3 Sys., Inc., 157 F.3d 1340, 1372 (Fed. Cir. 1998). But the patent is already unenforceable by virtue of its expiration, coupled with the affirmed judgment of non-infringement. As explained below, the remedy Sony and Sharp seek is now moot and beyond the Article III power of the Court to grant. At most, Sony and Sharp seek an impermissible advisory opinion that they would have won certain defenses if they pursued them toward completion.

Of course, they would not have won. To the contrary, when those were live counterclaims, Soundview moved for summary judgment against them on the merits. In a separate paper filed today, Soundview is conditionally reviving its summary judgment motion, just in case the Court finds that it retains jurisdiction over the merits.

In addition to inequitable conduct and patent misuse, Sony and Sharp assert that their "exceptional case" request is a counterclaim. Soundview acknowledges that under limited circumstances (which Soundview contends are not present here) Sharp and Sony may have the procedural ability to seek an "exceptional case" finding with respect to matters on which they

2

prevailed (i.e., non-infringement). But "exceptional case" is not a true "claim" under Rule 8 of the Federal Rules of Civil Procedure. For example, Sony and Sharp never had the right to file a free-standing lawsuit alleging "exceptional case." Hence "exceptional case" is not a claim for which relief can be granted and must be dismissed as an independent "counterclaim"

For all these reasons, discussed in detail below, the Court should dismiss all remaining counterclaims for lack of subject matter jurisdiction.

## II.    STANDARD OF REVIEW

On September 26, 2003, this Court issued an order entering partial final judgment pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, and an order staying the remaining claims in this case pending appeal of the partial final judgment. On appeal, the Court of Appeals for the Federal Circuit affirmed this Court's entry of partial final judgment and entered a mandate on August 11, 2004. Between Sony and Sharp, they acknowledge that eight nominal "counterclaims" remain pending. Sony and Sharp seek discovery leading to a two-day trial on these counterclaims. (See October 15, 2004 Supplemental Case Management Plan Filed by the Non-Soundview Parties, at 5-6).

The Court always retains the obligation to review the basis for its jurisdiction over the subject matter. Wright v. BankAmerica Corp., 219 F.3d 79, 90 (2d Cir. 2000) ("It is axiomatic that a lack of subject matter jurisdiction may be raised at any time . . .[T]he courts have an independent obligation to ensure that federal jurisdiction is not extended beyond its proper limits"). "Whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction over the subject matter, the court shall dismiss the action." Fed. R. Civ. P. 12(h)(3). At the beginning of a case, motions to dismiss for lack of jurisdiction over the subject matter are brought under Rule 12(b)(1). Once the pleadings close, though, such motions are properly brought (as here) under Rule 12(c)

("After the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings.").

Whether under Rule 12(b)(1), 12(h)(3) or 12(c), the standard of review is the same. Although the Court must draw all reasonable inferences in favor of the non-moving party on a motion to dismiss, the party who is seeking to invoke the subject matter jurisdiction of the district court bears the burden of showing that it is properly before the Court. Scelsa v. City Univ. of New York, 76 F.3d 37, 40 (2d Cir. 1996). If the Court lacks subject matter jurisdiction, the action must be dismissed. Makarova v. United States, 201 F.3d 110, 113 (2d Cir. 2000). There is no room for discretion. EMC Corp. v. Norand Corp., 89 F.3d 807, 810 (Fed. Cir. 1996) ("When there is no actual controversy, the court has no discretion to decide the case").

### III. THE PENDING COUNTERCLAIMS BASED ON PATENT INFRINGEMENT DEFENSES MUST BE DISMISSED BY THIS COURT FOR LACK OF SUBJECT MATTER JURISDICTION

The Court lacks "case or controversy" Article III jurisdiction over those counterclaims which seek a declaratory judgment that Sony and Sharp are entitled to certain patent infringement defenses.

A party seeking a declaratory judgment has the burden of establishing the existence of an actual case or controversy. Cardinal Chemical Co. v. Morton International, Inc., 508 U.S. 83, 95 (1993). In general, the presence of an "actual controversy" within the meaning of the statute depends on whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment. EMC Corp. v. Norand Corp., 89 F.3d 807, 810 (Fed. Cir. 1996).

The establishment of declaratory judgment jurisdiction at the time a complaint is filed by a potential infringer does not necessarily sustain the case or controversy requirement to the conclusion

4

of that action. United Sweetener USA, Inc. v. The Nutrasweet Co., 760 F. Supp. 400, 405 (D. Del. 1991). If the reasonable apprehension necessary to create jurisdiction over a patent related declaratory judgment action disappears during the litigation, the district court lacks jurisdiction and must dismiss the complaint. Id. As such, an actual controversy must exist at all stages of review, not merely at the time the complaint is filed. Jervis B. Webb Co. v. Southern Systems, Inc., 742 F.2d 1388, 1398, n.6 (Fed. Cir. 1984) (citing Preiser v. Newkirk, 422 U.S. 395, 401 (1975)). Jurisdiction vanishes when the threat to the plaintiff is imaginary, illusory, speculative, or fabricated entirely in the plaintiff's mind. United Sweetener, 760 F. Supp. at 407.

When there is no actual controversy, the court has no discretion to decide the case. EMC Corp., 89 F.3d at 810. Even if there is an actual controversy, the district court is not required to exercise declaratory judgment jurisdiction, but has discretion to decline that jurisdiction. Id. at 811. As long as the district court acts in accordance with the purposes of the Declaratory Judgment Act and the principles of sound judicial administration, the court has broad discretion to refuse to entertain a declaratory judgment action. Id. at 813-814; *see also*, Serco Servs. Co. v. Kelley Co., 51 F.3d 1037, 1039 (Fed. Cir. 1995) (court may dismiss declaratory judgment action if its action is based on a reasoned judgment whether the investment of time and resources will be worthwhile).

In deciding whether to exercise its discretion to hear a case, a court should consider (1) whether the judgment will serve a useful purpose in clarifying and settling the legal relations in issue; and (2) whether the judgment will terminate and afford relief from uncertainty, insecurity and controversy giving rise to the proceeding. BASF Corp. v. PPG Industries, Inc., 1991 U.S. Dist. LEXIS 20954 at *26 (D.N.J. February 11, 1991) (citing Akzona Inc. v. E.I. du Pont de Nemours & Co., 662 F. Supp. 603, 617 (D. Del. 1987)).

### A. The Affirmative Defense Of Patent Misuse Cannot Be The Basis For A Counterclaim And No Longer Presents A Case Or Controversy

Sony styles its Eight Counterclaim as one for "patent misuse." This defense is moot, and the Court now lacks Article III jurisdiction to adjudicate it.

The patent misuse doctrine is an extension of the equitable doctrine of unclean hands, whereby a court of equity will not lend its support to enforcement of a patent that has been misused. B. Braun Medical Inc. v. Abbott Laboratories, 124 F.3d 1419, 1427 (Fed. Cir. 1997). When used successfully, this defense results in rendering the patent unenforceable until the misuse is purged. Id. It does not, however, result in an award of damages to the accused infringer. Id. Monetary damages may not be awarded under a declaratory judgment counterclaim based on patent misuse because patent misuse simply renders the patent unenforceable. Id. at 1428. The defense of patent misuse may not be converted to an affirmative claim for damages simply by restyling it as a declaratory judgment counterclaim. Id.

It follows that patent misuse cannot be the basis for a cause of action. Rather, it is an affirmative defense to a patent holder's claim of infringement. CMI, Inc. v. Intoximeters, Inc., 918 F. Supp. 1068 (W.D Ky. 1995); *see* Depuy, Inc. v. Zimmer Holdings, Inc., 2004 U.S. Dist. LEXIS 22240 at *19, n.4 (N.D. Ill. 2004) ("Patent misuse is an affirmative defense, not, a counterclaim.") (citing B. Braun, 124 F.3d at 1427-28); *see also* Transitron Electroni Corp. v. Hughes Aircraft Co., 487 F. Supp. 885, 893 (D. Mass. 1980) ("That the doctrine [of patent misuse] does not create an independent cause of action for the alleged infringer is implicit in the black letter statement of the effect of finding patent misuse: 'Misuse of a patent merely suspends the owner's right to recover for infringement of a patent.'").

Affirmative defenses are not "claims" giving rise to a case or controversy. *See* Cardinal Chemical Co. v. Morton International, Inc. 508 U.S. 83, 93-94 (1993) ("An unnecessary ruling on an affirmative defense is not the same as the necessary resolution of a counterclaim for a declaratory judgment."); Brunswick Corp. v. Diab-Barracuda AB, 34 Fed. Cl. 532, 557 (Fed. Cl. 1995) (Once a finding of non-infringement of a patent has been made, the court need not review the issue of invalidity when the issue is raised only as an affirmative defense. Rather, only counterclaims challenging validity brought under the Declaratory Judgment Act may be reviewed by the court.). As such, Sony's affirmative defense of patent misuse, which has been improperly labeled its Eight Counterclaim, does not give rise to a case or controversy in light of this Court's finding of non-infringement of the patent at issue. It follows that this Court no longer maintains subject matter jurisdiction over Sony's "counterclaim" for patent misuse. Sony's "counterclaim" for patent misuse must accordingly be dismissed.

**B.     There Is No Longer A Case Or Controversy Which Would Compel This Court To Maintain Jurisdiction Over The Counterclaims For Inequitable Conduct**

Sony styles its Third through Seventh Counterclaims as ones for "inequitable conduct." Likewise, Sharp contends its Counterclaim is one for inequitable conduct. This defense, too, is moot, and the Court now lacks Article III jurisdiction to adjudicate it.

In numerous instances, courts have found that the "actual case or controversy" requirement is no longer present as a result of patent expiration, or of action taken by the patentee after commencement of a declaratory judgment action. For example, in In re Columbia University Patent Litigation, the court held that a covenant not to sue made after the commencement of a declaratory judgment action eliminated the reasonable apprehension of infringement litigation and, therefore,

the required actual case or controversy. 2004 U.S. Dist. LEXIS 22348 at *22-24 (D. Mass. November 5, 2004). The court stated that "in these circumstances, the investment of the judicial time and resources necessary to decide the declaratory judgment claims would not be worthwhile." Id. at *38-39. The court also stated that "to the extent, if any, that this is a discretionary matter, it is most appropriate to dismiss the requests for declaratory judgment rather than devote scarce judicial resources to deciding hypothetical issues in anticipation of an actual dispute that is not likely to occur." Id. at *39.

Several courts have also held that a patentee's dedication of the patent to the public, in effect rendering the patent expired, terminates the court's jurisdiction to adjudicate declaratory judgments involving patent invalidity. In Technimark, Inc. v. Crellin, Inc., the court noted that "public dedication terminates all of the patentee's rights to the patent, *just as if the patent had expired.*" 14 F. Supp. 2d 762, 763, n.3 (M.D.N.C. 1998) (emphasis added). For this reason, a patentee's dedication of its patent to the public renders moot any issue of patent validity, as there is no longer any justiciable case or controversy before the court with respect to validity. Technimark, 14 F. Supp. 2d at 767; National Semiconductor Corp. v. Linear Technology Corp., 703 F. Supp. 845, 850 (N.D. Cal. 1988). As the court in Technimark noted, "It would therefore serve no purpose for this court to pass upon the validity or invalidity of the patent. Discussion of the patent would not only be academic but it also would be beyond the jurisdiction of this court, which may consider only cases or controversies." Technimark, 14 F. Supp. 2d at 763-64 (quoting Laitram Corp. v. Deepsouth Packing Co., 279 F. Supp. 883, 891 (E.D. La. 1968)).

Several courts have also refused to exercise jurisdiction over declaratory judgments for invalidity in instances where the patent at issue has expired. *See* Golan v. Pingel Enterprise, Inc.,

310 F.3d 1360, 1365 (Fed. Cir. 2002) (district court dismissing claim for declaratory judgment of non-infringement as moot where it was determined that the patent had expired and no further case or controversy existed); *see also* Brunswick Corp. v. Diab-Barracuda AB, 34 Fed. Cl. 532, 558 (Fed. Cl. 1995)("In the present case, public policy does not dictate that the court decide the issue of validity. The patent has expired, and the court does not know of any other pending litigation or existing, affected licenses"). One court has even declined to exercise jurisdiction over a declaratory judgment for the reason that the patent at issue would expire in the forthcoming two months. *See* BASF Corp. v. PPG Industries, Inc., 1991 U.S. Dist. LEXIS 20954 at *27 (D.N.J. February 11, 1991)

Here, the patent-in-suit is expired. There is no course of action that Sony or Sharp may pursue in the future the legality of which is uncertain. Therefore, an adjudication of Sony's or Sharp's rights in order to protect it from incurring future damages is unnecessary.

The parties' request for attorney fees under 35 U.S.C. § 285 does not instill jurisdiction where it is otherwise absent. Section 285 states "The court in exceptional cases may award reasonable attorney fees to the prevailing party." This is not language conferring jurisdiction over patent infringement defenses. To argue otherwise leads to circular logic. For instance, it would make no sense for a party to file a lawsuit based on section 285 to adjudicate whether it is a "prevailing party" in the lawsuit it just filed based on section 285.

Without a pending case or controversy between the parties, it would be legal error for the court to exercise jurisdiction to adjudicate any declaratory judgment counterclaim. Should the court choose to exercise such jurisdiction, the result would be a waste of judicial time and resources, as a judgment of unenforceability in this case would be completely void of any legal significance and

9

unable to change the relationship that currently exists between the parties. As such, the court has no basis to exercise jurisdiction over any declaratory judgment counterclaims of inequitable conduct.

### IV. THE PENDING "EXCEPTIONAL CASE" COUNTERCLAIMS DO NOT RAISE A CAUSE OF ACTION AND MUST THEREFORE BE DISMISSED BY THIS COURT

Sony and Sharp contend they have "counterclaims" for "exceptional case." Mere inspection of Sharp's "Counterclaim" shows that is not true with respect to Sharp. (See Docket Nos. 106, 130). Sharp's "Counterclaim" nowhere mentions "exceptional case." Only its demand-for-judgment / prayer-for-relief mentions Sharp's intention to seek such a remedy.

As for Sony's, its "exceptional case" counterclaim has no basis in law. At best, it represents a remedy to be sought within the demand-for-judgment / prayer for relief. Requests for remedies are not claims for relief under Rule 8, and may be dismissed when improperly asserted as such. *See, e.g.* Rototherm Corp. v. Penn Linen & Uniform Service, Inc., 1997 U.S. Dist. LEXIS 10057 at *38 (E.D. Pa. 1997) ("We may dismiss this 'count' out of hand, for plaintiff is attempting to plead a claim for punitive damages, and the law does not recognize punitive damages as an independent cause of action", noting in citation that punitive damages are a remedy, not a cause of action). A request for an exceptional case finding, which gives the Court discretion to shift fees, is simply a request for a remedy. *See, e.g.* Nickson Industries, Inc. v. ROL Mfg. Co., 1984 U.S. Dist. LEXIS 17037 at *20 (D. Conn. 1984), *reversed on other grounds at* 765 F.2d 160 (Fed. Cir. 1985) ("The *remedy* afforded by section 285 is intended to be used sparingly") (emphasis added).

As already mentioned above, a request for attorney fees under 35 U.S.C. § 285 can never stand as an independent declaratory judgment lawsuit. Section 285 states "The court in exceptional cases may award reasonable attorney fees to the prevailing party." Again, it would make no sense

10

for a party to file a lawsuit based on section 285 to adjudicate whether it is a "prevailing party" in the lawsuit it just filed based on section 285.

The Court of Appeals for the Federal Circuit has held that pre-litigation conduct cannot give rise to an "exceptional case" finding under section 285 founded on "bad-faith litigation."

> We also agree with Abbott that the district court clearly erred in finding that Abbott engaged in bad-faith litigation. Although a lawsuit pursued in bad faith is a sufficient basis for imposing attorney fees under § 285, such bad faith requires not misleading pre-litigation conduct, but vexatious, unjustified, or frivolous litigation.

Forrest Labs, Inc. v. Abbott Labs, Inc., 339 F.3d 1324, 1329-30 (Fed. Cir. 2003). By extension, a party like Sony has no independent basis to seek a declaratory judgment of "exceptional case" in a lawsuit against a patent owner like Soundview.

When and if the Court reviews Sony's request for an exceptional case finding, it will be limited in its review only to the matters upon which Sony prevailed, i.e., non-infringement. In Forrest Labs, one of the reasons the Court of Appeals reversed the district court's exceptional case finding was that it was based upon its advisory opinion on a defense that had become moot upon the affirmance of noninfringement. See id. at 1330 ("Once it had been concluded that ONY and Forest were not infringing the Abbott-Tanabe patents, whether Abbott would be estopped from enforcing those patents against ONY and Forest became moot."). Sony's request for the Court to take up moot defenses to bolster its "exceptional case" request invites error and runs afoul of Federal Circuit precedent.

11

## V.  CONCLUSION

For the foregoing reasons, Soundview respectfully requests that this Court dismiss all pending counterclaims of the Non-Soundview Parties.

Respectfully submitted,

SOUNDVIEW TECHNOLOGIES, INC.

_____
John J. Bogdanski (ct06217)
David S. Monastersky (ct13319)
HOWD & LUDORF
65 Wethersfield Avenue
Hartford, Connecticut 06114
(860) 249-1361
Fax: (860) 522-9549

Raymond P. Niro (ct18107)
John C. Janka (ct20463)
Robert P. Greenspoon (ct21736)
Paul C. Gibbons (ct18826)
NIRO, SCAVONE, HALLER AND NIRO
181 West Madison Street, Suite 4600
Chicago, Illinois  60602
Phone: (312) 236-0733

Attorneys for Soundview Technologies, Inc.

## CERTIFICATE OF SERVICE

The undersigned counsel of record hereby certifies that a copy of the foregoing **SOUNDVIEW'S MEMORANDUM IN SUPPORT OF ITS MOTION TO DISMISS ALL PENDING COUNTERCLAIMS OF THE NON-SOUNDVIEW PARTIES** thereof were served upon lead counsel for the below listed parties by first class mail on December 8, 2004.

## SERVICE LIST

| Counsel for Consumer Electronics Association ||
|---|---|
| <u>Counsel</u> | <u>Local Counsel</u> |
| Peter J. Kadzik<br>R. Bruce Holcomb<br>Gary Hoffman<br>Dickstein Shapiro Morin & Oshinsky<br>2101 L Street, N.W.<br>Washington, D.C. 20037<br>Tel: 202-775-4704 (Kadzik)<br>Fax: 202-887-0689<br>kadzik@dsmo.com<br><br>Tel: 202-828-2242 (Holcomb)<br>Fax: 202-887-0689<br>hoffman@dsmo.com | <u>Connecticut</u><br>Jacqueline D. Bucar<br>Ben Solnit<br>Tim Jensen<br>Peter Sachner<br>Tyler Cooper & Alcorn<br>205 Church Street<br>New Haven, Connecticut 06509-1910<br>Tel: 203-784-8200<br>Fax: 203-865-7865<br>bucar@tylercooper.com<br><br>Tel: 203-784-8205 (Solnit)<br>solnit@tylercooper.com<br><br>Tel: 203-784-8228 (Jensen)<br>jensen@tylercooper.com<br><br>Tel: 203-784-8240 (Sachner)<br>sachner@tylercooper.com |

| Counsel for Matsushita Electric Corporation of America ||
|---|---|
| Counsel | Local Counsel |
| Morton Amster<br>Mike Berger<br>Joe Casino<br>John S. Economou<br>Abraham Kasdan<br>Amster, Rothstein & Ebenstein<br>90 Park Avenue<br>New York, New York 10016<br>Tel: 212-697-5995<br>Fax: 212-286-0854<br>email: mamster@arelaw.com | Connecticut<br>William M. Bloss<br>Alinor C. Sterling<br>Jacobs, Grudberg, Belt & Dow, P.C.<br>350 Orange Street<br>New Haven, Ct. 06511<br>Tel: 203-772-3100 (x 271)<br>Fax: 203-772-1691<br>Email: bbloss@jacobslaw.com |
| Counsel for Mitsubishi Digital Electronics America ||
| Counsel | Local Counsel |
| Patent Infringement<br>Vincent J. Belusko<br>Eric Shih<br>Robert S. McArthur<br>Morrison & Foerster LLP<br>555 West Fifth Street<br>Los Angeles, California 90013-1024<br>Tel: 213-892-5200<br>Fax: 213-892-5454<br><br>Antitrust<br>Les J. Weinstein<br>Squire, Sanders & Dempsey LLP<br>801 South Figueroa Street<br>Los Angeles, California 90017-5544<br>Tel: 213-624-2500<br>Fax: 213-623-4581/4590 | Connecticut<br>Joseph L. Clasen<br>James M. Ruel<br>Robinson & Cole LLP<br>695 East Main Street<br>P.O. Box 10305<br>Stamford, CT 06901<br>Tel: 203-462-7510<br>Fax: 203-461-7599 |

| Counsel for Sharp Electronics Corporation ||
|---|---|
| Counsel | Local Counsel |
| Robert W. Adams<br>U.S. Mickey Gill<br>Nixon & Vanderhye, PC<br>1100 North Glebe Road, 8th Floor<br>Arlington, VA 22201-4714<br>Tel: 703-816-4000<br>Fax: 703-816-4100<br>email: rwa@nixonvan.com (Adams) | Connecticut<br>William M. Bloss<br>Alinor C. Sterling<br>Jacobs, Grudberg, Belt & Dow PC<br>350 Orange Street<br>New Haven, CT 06511<br>Tel: 203-772-3100 (x 271)<br>Fax: 203-772-1691<br>email: bbloss@jacobslaw.com |
| **Counsel for Toshiba America Consumer Products, Inc.** ||
| Counsel | Local Counsel |
| Larry S. Nixon<br>Michael Shea<br>Jeff Nelson<br>Nixon & Vanderhye, PC<br>1100 North Glebe Road<br>Arlington, VA 22201-4714<br>Tel: 703-816-4000<br>Fax: 703-816-4100<br>lsn@nixonvan.com | Connecticut<br>William M. Bloss<br>Alinor C. Sterling<br>Jacobs, Grudberg, Belt & Dow, P.C.<br>350 Orange Street., P.O. Box 606<br>New Haven, Connecticut 06503<br>Tel: 203-772-3100<br>Fax: 203-772-1691 |

| Counsel for Sony Electronics, Inc. and Sony Corporation of America ||
|---|---|
| **IP**<br>Richard I. Delucia<br>Richard Gresalfi<br>Elizabeth Gardner<br>Alex D. Skucas<br>Jeffrey S. Gerchuck<br>Kenyon & Kenyon LLP<br>One Broadway<br>New York, New York 10004<br>Tel: 212-425-7200<br>Fax: 212-425-5288<br>rdelucia@kenyon.com<br>egardner@kenyon.com<br><br>**Antitrust**<br>Richard M. Steuer<br>Ian S. Linker<br>Kaye, Scholer, Fierman, Hays & Handler<br>425 Park Avenue<br>New York, New York 10022-3598<br>Tel: 212-836-8000<br>Fax: 212-836-8689<br>rsteuer@kayescholer.com<br><br>Mark S. Popofsky<br>Kaye, Scholer, Fierman, Hays & Handler<br>The McPherson Bldg.<br>901 Fifteenth Street, N.W., Suite 1100<br>Washington, D.C. 20005-2327<br>Tel: 202-682-3500<br>Fax: 202-682-3580<br><br>Jaime A. Siegel<br>In-House Counsel<br>Sony Corporation of America<br>Sony Electronics, Inc.<br>One Sony Drive<br>Park Ridge, New Jersey 07656<br>Tel: 201-930-7415<br>Fax: 201-930-6854 | **Connecticut**<br>Jacqueline D. Bucar<br>Ben Solnit<br>Tim Jensen<br>Peter Sachner<br>Tyler, Cooper & Alcorn LLP<br>205 Church Street<br>P.O. Box 1936<br>New Haven, Ct. 06509-1910<br>Tel: 203-784-8200<br>Fax: 203-865-7865<br>bucar@tylercooper.com |