**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| **SONY ELECTRONICS, INC., et al.** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| **v.** | ) | **LEAD DOCKET NO.** |
| | ) | **3 :00-C V-00754 (JBA)** |
| | ) | **U.S.D.C./New Haven** |
| **SOUNDVIEW TECHNOLOGIES, INC., et al.** | ) | |
| | ) | **ALL CASES** |
| **Defendant** | ) | |
| | ) | **January 12, 2005** |

**THE NON-SOUNDVIEW PARTIES' RESPONSE TO**
**SOUNDVIEW'S RENEWED MOTION FOR SUMMARY JUDGMENT**
<u>**AND RULE 12 (C) MOTION TO DISMISS**</u>

The Non-Soundview parties hereby respond to both Soundview pending motions – *i.e.*, Soundview's renewed motion for summary judgment of no inequitable conduct and its Rule 12(c) motion to dismiss. Because these motions are related and involve the issues of inequitable conduct and the claim for reasonable attorneys' fees, they are addressed jointly here.

As conceded by Soundview (page 1 of its memorandum), Sony and Sharp have asserted counterclaims or claims relating to, *inter alia*, the inequitable conduct of Soundview before the United States Patent and Trademark Office (USPTO) and an award of attorneys' fees under 35 U.S.C. §285 based upon that misconduct. Indeed, this Court's Order of Stay Pending Appeal dated September 26, 2003 (Dkt. 452) expressly recognized and specifically preserved the

inequitable conduct and exceptional case claims of Sony and Sharp.[1]  In spite of this Court's Order preserving these claims for subsequent proceedings in this case, Soundview now seeks to have these claims either dismissed (a) by a renewed motion for summary judgment or (b) by a Rule 12 motion to dismiss as being "moot" because Soundview's assertion of infringement was determined by this Court and the Federal Circuit to be without merit.

There can be no dispute that this Court may award reasonable attorneys' fees under 35 U.S.C. §285 either based upon (1) inequitable conduct before the USPTO or (2) vexatious, unjustified or bad faith litigation.  *Forest Laboratories, Inc. v. Abbott Laboratories*, 339 F.3d 1324, 1329-30 (Fed. Cir. 2003).  As is plain from the Court's Orders [Dkt. 452 and 462], the non-Soundview parties' exceptional case and inequitable conduct claims squarely fall within the first basis identified in *Forest Labs*.[2]  For this reason alone, Soundview's motion to dismiss must be denied.  While Soundview now attempts to limit the recovery of the non-Soundview parties' attorneys fees only to the second element of *Forest Labs*, it knows that a one or two day trial of the inequitable conduct issues will result in a separate and compelling basis for an award of attorneys' fees to the non-Soundview parties.[3]

---

[1]  By a separate Order dated November 10, 2003, the Court also recognized and preserved the exceptional case claims of Mitsubishi and Toshiba.  Dkt. 462.

[2] The previously filed attorney fees motion by all of the Non-Soundview Parties fall within the second basis (vexatious, unjustified or bad faith litigation) for awarding attorney fees as identified in *Forest Labs*.

[3]  At page 3, Soundview claims that Sony and Sharp seek discovery prior to the one or two day trial on inequitable conduct.  This is incorrect because the only discovery requested will be taken after the trial and it is limited to submission of the time and billing records to the Court with

Further, Soundview is renewing its motion for summary judgment of no inequitable conduct. The renewed motion is just a resubmission of the old summary judgment motion papers.[4]

A review of the opposition papers filed by the non-Soundview parties shows at a minimum the existence of genuine issues of material fact -- *e.g.*, with respect to intent of the inventor and others subject to the duty of complete candor in falsely stating that the invention of the Elam patent had been reduced to practice prior to the filing date of a prior art patent cited by the USPTO.[5] Obviously, the existence of such fact issues precludes granting Soundview's renewed motion and illustrates the frivolous nature of Soundview's continuing actions in this proceeding.

Each of these points is discussed below.

---

respect to the attorneys' fees sought by those parties. See page 5 of the Supplemental Case Management Plan Filed By The Non-Soundview Parties on October 15, 2004.

[4]  That prior motion was denied by this Court, albeit without prejudice to renew. [Dkt. 440]

[5]  During his deposition, the inventor (Mr. Elam) admitted that his invention was not actually reduced to practice until at least 2001. [Exh. 1, Elam Depo. Tr. at pp. 505-07, 550-51; *see also* Dkt. 404 pp. 12-20 (Statement of Facts in Support of Opposition to Soundview's Motion for Summary Judgement)]. Thus, Soundview's agent/attorney and Elam's assertions to the USPTO that the invention was reduced to practice prior to the prior art Chard patent publication date of June 23, 1983 were unquestionably wrong. [Exh. 2, Elam's Declaration to USPTO, para. 4, at p. 263]  Further, the critical technical distinctions used by Soundview to overcome other cited prior art involve the very part of the Elam invention that was not reduced to practice until 2001. [Compare Exh. 1, Elam Depo. Tr. 505-07, 550-51 to Exh 3, Response to Office Action (7-7-97), at pp. 293-95].  Accordingly, Soundview's agent/attorney and Elam's misstatements were material with respect to both swearing behind the Chard prior art patent and Soundview's distinctions over the other cited prior art.

915217

### I.    The Section 285 Claims Are Not Mooted
### By The Non-Infringement Determination

Soundview's motion to dismiss improperly fails to cite controlling Federal Circuit law and it misquotes the decision of that court in *Forest Labs*.

First, Soundview asserts that the dismissal of the infringement claim in favor of the non-Soundview parties serves to "moot" the Section 285 claim of those parties against Soundview. Putting aside the obvious injustice of this "solution" wherein the non-Soundview parties are penalized for having won on summary judgment, Soundview's argument is directly contrary to Federal Circuit decisions that were not cited by Soundview.

For example, in *H.R. Technologies, Inc. v. Astechnologies, Inc.*, 275 F.3d 1378, 1386 (Fed. Cir. 2002), the Federal Circuit determined that the "section 285 counterclaim" had to be considered by the lower court on remand, despite the fact that the patent owner's infringement claim was dismissed for lack of standing.[6] Indeed, the appellate court noted that the section 285 counterclaim could be considered either separately or as a part of the still pending motions for sanctions under Rule 11.

Similarly, the Federal Circuit held in *Imagineering, Inc. v. Van Klassens, Inc.*, 53 F.3d 1260, 1263 (Fed. Cir. 1995), that a claim arising under section 285 survived the patent owner's voluntary dismissal of an infringement claim. In that connection, and as discussed further below,

the court noted that section 285 arises under the patent law.  These decisions demonstrate that the section 285 counterclaims/claims of the non-Soundview parties remain in this case and must be decided by this Court.

Second, this Court has separate jurisdiction with respect to the section 285 counterclaims/claims.   In *Hunter Douglas, Inc. v. Harmonic Design, Inc.*, 153 F.3d 1318, 1330 (Fed. Cir. 1998), the Federal Circuit held that district courts have federal jurisdiction under section 1338(a) with respect to four different issues of patent law.  One of these four issues is a claim for attorneys fees under section 285 of the patent laws.  *Id.*, citing *Imagineering, Inc*. Consequently, subject matter jurisdiction remains in this case with respect to the non-Soundview parties' attorneys fees requests under section 285.

Third, Soundview's analysis of section 285 is further flawed by its incomplete and misleading quotation from the Federal Circuit's decision in *Forest Labs*.   See Memorandum Supporting Soundview's Motion, p. 11.  Separate jurisdiction for section 285 attorney fee claims is supported by *Forest Labs.*, 339 F.3d at 1329-30 where the Federal Circuit held that reasonable attorneys' fees under section 285 may be based upon either (1) inequitable conduct before the USPTO or (2) vexatious, unjustified or bad faith litigation.  While the Court found that  "[n]one of those circumstances is present" in that case, this decision does not mean that a court may ignore inequitable conduct when considering an attorneys fees request.

---

[6]  At various places in its memorandum, Soundview argues that a section 285 demand is neither a claim nor a counterclaim under Rule 8.  Obviously, the quoted statement in *H.R. Technologies*

Soundview's attempt to limit the non-Soundview parties' claims for attorneys fees under section 285 to just bad faith litigation must be rejected. The non-Soundview parties have consistently maintained that Soundview's inequitable conduct serves as a separate and alternative basis for the award of their attorney fees. Further, this Court's Orders (Dkts. 452 and 462) expressly recognized and preserved the inequitable conduct and section 285 claims of the non-Soundview parties.

Consequently, the non-Soundview parties are entitled to a one or two day trial on the inequitable conduct and section 285 counterclaims/claims that they raised.

## II.    Inequitable Conduct Must Be Considered With Respect to a Section 285 Request

Further compounding its legal errors, Soundview asserts that this Court may simply decline to make a ruling on the non-Soundview parties' section 285 counterclaims/claims as a matter of discretion. This is contrary to the Federal Circuit's holding in *Pharmacia & Upjohn Co. v. Mylan Pharmaceuticals, Inc.*, 182 F.3d 1356, 1359-60 (Fed. Cir. 1999). There, the Federal Circuit held that:

> "our precedent establishes that inequitable conduct is a substantive patent issue that <u>must be taken into consideration</u> in determinations under 35 U.S.C. § 285."

*Id.* (emphasis added) Indeed, in *A.B. Chance Co. v. RTE Corp.*, 854 F.2d 1307, 1312-13 (Fed. Cir. 1988), the Federal Circuit held that the district court erred when it did not make this type of

---

entirely undermines this Soundview argument. *Id.*

915217

an inequitable conduct determination with respect to a section 285 claim.[7]

### III.     Soundview's Renewed Motion For Summary Judgment With Respect to Inequitable Conduct Must Be Denied Due to the Existence of Genuine Issues of Material Fact

Soundview has renewed its prior motion for summary judgment of no inequitable conduct.  To that end, it merely resubmitted the prior papers filed by all of the parties.  The non-Soundview parties similarly are willing to rely upon their prior opposition papers to that motion.  Accordingly, the arguments presented by the non-Soundview parties will not be reiterated.

The prior non-Soundview parties' opposition papers clearly establish numerous genuine issues of material fact that preclude the grant of Soundview's motion.  Soundview's prior summary judgment motion is founded on nothing more than a naked denial of an intention to mislead the USPTO.  This approach has been repeatedly rejected by the Federal Circuit because, *inter alia*, a mere denial of such an intention is insufficient evidence and it would improperly defeat every effort to establish inequitable conduct.  See, *e.g.*, *GFI, Inc. v. Franklin Corporation*, 265 F.3d 1268, 1275 (Fed. Cir. 2001);  *FMC Corp. v. Manitowac Co.*, 835 F.2d 1411, 1416 (Fed. Cir. 1987).

Finally, Soundview argues that the expiration of the Elam patent and the non-

---

[7]  The Federal Circuit's decision in *Lighting World, Inc. v. Birchwood Lighting, Inc.*, 382 F.3d 1354, 1366-67 (Fed. Cir. 2004) is readily distinguishable because the defendant's claim for attorneys fees under section 285 based upon inequitable conduct was rejected as being "belated" because it did not litigate the issue prior to entry of judgment.  Here, however, the non-Soundview parties timely raised the inequitable conduct and attorneys fees issue because, *inter*

infringement determination "moot" any further consideration of the patent misuse issues. Again, Soundview fails to consider the appropriate legal issues raised by patent misuse doctrine. Patent misuse arises from a number of factual scenarios, including litigation based upon a patent procured by inequitable conduct. Further, patent misuse is not "purged" until all of its effects have been eliminated. *E.g.*, *U.S. Gypsum Co. v. Nat. Gypsum Co.*, 352 U.S. 457, 465 (1957).

In the context of the present case, a determination that Soundview engaged in inequitable conduct in obtaining the Elam patent will establish, *inter alia*, that Soundview was not entitled to the receipt of any settlement royalties under that patent. Throughout this case, Soundview has repeatedly bragged that it has procured well over $24 million in royalty settlement payments from other non-Soundview defendants who chose to settle, rather than litigate, this action. As a result, Soundview has been unjustly rewarded by these royalty payments and its continued possession of that large amount of money establishes that the effect of Soundview's patent misuse has not been purged.

At a minimum and assuming inequitable conduct is found at trial, Soundview should disgorge at least that amount of money sought by the non-Soundview parties' section 285 claims in order to purge the effect of the patent misuse because they were forced to litigate a patent procured by inequitable conduct. In short, the adverse effect of the misuse on the non-Soundview parties will not be purged until this repayment is made. The repayment of those

---

*alia*, they have taken considerable discovery with respect to the inequitable conduct issue and it was properly pleaded and/or falls within the scope of Rule 15(b).

915217

attorney fees will still leave Soundview with well more than $10 million of ill-gotten gains. Disgorgement of that further amount of money is an issue that should be considered at trial by this Court.

### IV.    Soundview Did Not Appeal This Court's Prior Orders Preserving the Section 285 and Inequitable Conduct Claims

As noted above, this Court's prior Order of Stay Pending Appeal dated September 26, 2003 (Dkt. 452) and its subsequent clarification (Dkt. 462) expressly recognized and specifically preserved the inequitable conduct and exceptional case claims of the non-Soundview parties. These two Orders themselves were subject to appeal. Although Soundview filed an appeal from this Court's decision holding no infringement of the Elam patent, Soundview did not file an appeal with respect to these two Orders.

As a matter of law, Soundview waived any right to now claim that those Orders were improper. Therefore, Soundview's motion to dismiss must be denied.

### CONCLUSION

As demonstrated above, Soundview's motions should be denied *in toto*. In addition, it is submitted that Soundview's motion to dismiss and its renewed motion for summary judgment appear to be so entirely frivolous that they may constitute further evidence supporting the non-Soundview parties' pending request for attorneys fees under section 285 relating to bad faith litigation.

ON BEHALF OF THE
NON-SOUNDVIEW PARTIES

By: _____
    William M. Bloss,
    Federal Bar No. ct01008
    Koskoff Koskoff & Bieder, P.C.
    350 Fairfield Avenue
    Bridgeport, CT 06604
    Tel:  (203) 336-4421
    FAX:  (203) 368-3244

Robert W. Adams
Updeep S. Gill
NIXON & VANDERHYE PC
1100 North Glebe Road. 8th Flr.
Arlington, VA 22201
(703) 816-4000

915217

## CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing has been mailed, postage prepaid, on this

12th day of January, 2005 to all counsel and prose parties of record, as follows:

Jacqueline D. Bucar, Esq.
Tyler Cooper & Alcorn
205 Church Street
P.O. Box 1936
New Haven, CT  06509-1910


Brian E. Moran, Esq.
Joseph L. Clasen, Esq.
Robison & Cole, LLP
695 East Main Street
P.O. Box 10305
Stamford, CT  06904-2305


Raymond Niro, Esq.
Robert P. Greenspoon, Esq.
Niro Scavone Haller & Niro
181 West Madison Street, Suite 4600
Chicago, Illinois  60602


John J. Bogdanski, Esq.
Howd & Ludorf
65 Wethersfield Avenue
Hartford, CT  06114


Peter J. Kadzik, Esq.
Dickstein Shapiro Morin & Oshinsky
2101 L Street NW
Washington, DC  20037

915217

Larry S. Nixon, Esq.
Nixon & Vanderhye P.C.
1100 North Glebe Road, 8th Floor
Arlington, Virginia  22201-4714

Vincent J. Belusko, Esq.
Morrison & Foerster
555 West Fifth Street
Suite 3500
Los Angeles, California  90013-1024

Richard Gresalfi, Esq.
Richard I. Delucia, Esq.
Elizabeth Gardner, Esq.
Kenyon & Kenyon LLP
One Broadway
New York, New York  10004

_____
William M. Bloss

915217