# Nixon & Vanderhye P.C.
ATTORNEYS AT LAW

d FLOOR
1100 NORTH GLEBE ROAD
ARLINGTON VIRGINIA 22201-4714

August 24, 2004

TELEPHONE: (703) 816-4000
FACSIMILE: (703) 816-4100
WRITER'S DIRECT DIAL NUMBER:
(703) 816-4122

**VIA FACSIMILE/THEN MAIL**

Robert P. Greenspoon, Esq.
Niro, Scavone, Haller & Niro
181 West Madison Street
Suite 4600
Chicago, Illinois 60602-4515

**OFFER OF COMPROMISE PROTECTED BY
FED. R. EVID., RULE 408**

Re:  *Sony Electronics Inc., et al. v. Soundview Technologies, Inc
CA 00-CV-754 JBA, (Consolidated with CA 00-CV-768)*

Dear Rob:

I am writing this letter at the instructions of my client, Sharp Corporation. In view of the recent decision of the Federal Circuit affirming the decision of no infringement and no antitrust or CUPTA violation, Sharp believes that now is an appropriate time for the parties to again discuss possible settlement of this case. Prior making the settlement offer, Sharp has asked me to emphasize two points

First, the decision of the Federal Circuit means that Sharp has no further "downside" in this case. Thus, there is no impediment to its going forward with the claims that were stayed.

Second, in that connection, it is our opinion that Soundview will likely have to pay all of the reasonable attorneys' fees and costs of Sharp. To that end, the remaining invalidity and unenforceability arguments can be simplified to just two points at trial:

(1) that Soundview falsely stated to the USPTO in its Elam Rule 131 declaration that the invention was reduced to practice prior to the filing date of the patent application. This point is critical because Soundview only overcame the citation of the Chard reference by swearing behind its filing date with this declaration. However, as you will recall, during my discovery deposition examination of Mr. Elam, he admitted that the invention was NOT been reduced to practice prior to May 2002. Furthermore, you will recall that I deposed attorney Yoches (a Finnegan lawyer responsible for the case) who agreed, among other things, that great care should be taken to ensure that Rule 131 declarations are accurate. In this case, the requisite level of care plainly was not exercised and, instead, it appears that your client, its counsel and the inventor

874674

adopted an intentional attitude of willful blindness concerning the alleged actual reduction to practice of the Elam invention.

(2) that Soundview failed to provide the USPTO with the documents describing the Elam invention that were given to the FTC more than one year prior to the filing date of the Elam patent application. Significantly, Soundview does not dispute that the documents were given to the FTC. Rather, it merely argues that they were not a public disclosure of the invention. On the other hand, there is no dispute that these documents were given by Soundview without any confidential restrictions so that we feel Soundview's argument is very weak.

Obviously, there are many other invalidity/unenforceability arguments that Sharp can make at trial. Nevertheless, we are convinced that these two arguments alone serve to establish both the invalidity and unenforceablity of all claims in the Elam patent.

With this in mind, Sharp now makes the following settlement proposal. To date, Sharp has paid or been charged attorney fees and expenses totaling about $2 million. Accordingly, Sharp hereby offers to settle this matter by Soundview's prompt payment of these fees and expenses.

Please advise if the foregoing is acceptable and we will prepare a draft Agreement for you and your client to review. If you have any questions regarding this offer, please do not hesitate to contact me.

Very truly yours,

NIXON & VANDERHYE P.C.

Robert W. Adams

RWA:jaw

874674