UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| SONY ELECTRONICS, INC. et al., | ) | |
| | ) | LEAD DOCKET NO. |
| Plaintiffs, | ) | 3:00-CV-00754 (JBA) |
| | ) | U.S.D.C./New Haven |
| v. | ) | |
| | ) | MEMBER CASE NOS. |
| | ) | 3:00-CV-768 (JBA) |
| SOUNDVIEW TECHNOLOGIES, INC. et al., | ) | 3:00-CV-981 (JBA) |
| | ) | ALL CASES |
| Defendants. | ) | January 24, 2005 |

## SOUNDVIEW'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS

None of the Sony parties' authorities supports this Court's jurisdiction to hear moot inequitable conduct counterclaims or defenses, for any purpose. The controlling fact which the Sony parties do not challenge, but try mightily to sidestep, is that there is no longer subject matter jurisdiction to adjudicate defenses against a non-infringed patent which has expired. They do not cite a single subject matter jurisdiction case, or try to distinguish Soundview's cases. The Sony parties also ignore Soundview's cases showing that the Court has *discretion* to refuse to entertain declaratory judgment claims, even if there were jurisdiction, where (as here) there is no good reason hear those claims.

The Sony parties propose a monumental waste of the Court's time and energy. They seek proceedings to render unenforceable a patent that is expired and cannot be enforced anyway. Their goal: to bolster their flimsy fee-shifting claim under the "exceptional case" statute, 35 U.S.C. § 285. The irony is palpable. The Sony parties seek proceedings which might (if they win) lead to a result that they intend to use to saddle Soundview with the attorney-fees they expended in litigating those proceedings. Common sense says they should just agree that the case is over and go away. No fee

award can or should be based on matters which the Court cannot adjudicate on the merits. And no fee award can or should be based on matters which the Sony parties *elect* to litigate over Soundview's objections.

## I.    THE SONY PARTIES' AUTHORITIES ARE DISTINGUISHABLE

Do any of the Sony parties' authorities permit this Court to delve into mooted defenses to find out if this case was so "exceptional" that Soundview must pay their attorney-fees? Absolutely not.

The Sony parties, in their opposition to Soundview's dismissal motion, assume that Soundview contests the Court's jurisdiction to hear attorney fee requests *per se.* That is not so. Instead, Soundview filed its present motion to preclude the Sony parties from litigating mooted defenses, just to fish for grounds to seek attorney-fees. For instance, Soundview's co-pending opposition to the Sony parties' *non-infringement*-based fee request does not contest jurisdiction. Soundview opposed *that* motion on untimeliness grounds, and on the merits, but did not raise jurisdiction as a reason why the Court should not hear it.

That is why the Sony parties' citations at pages 4-5 of their opposition miss the point. The Sony parties cite cases like H.R. Technologies, Inc. v. Astechnologies, Inc., 275 F.3d 1378, 1386 (Fed. Cir. 2002), Imagineering, Inc. v. Van Klassens, Inc., 53 F.3d 1260, 1263 (Fed. Cir. 1995) and Hunter Douglas, Inc. v. Harmonic Design, Inc., 153 F.3d 1318, 1330 (Fed. Cir. 1998) to argue that the Court must consider section 285 claims when brought — a basic principle Soundview does not dispute. Importantly, though, H.R. and Imagineering are silent on the true question Soundview presented — i.e., what matters may the Court decide leading up to its finding that a case is, or is not, exceptional. And Hunter Douglas is completely unrelated: the prevailing *patentee* brought a section

285 claim, whose denial the Federal Circuit affirmed. Hunter Douglas, 153 F.3d at 1337.

The Sony parties' authorities support Soundview, since none of them suggest the Court may decide "exceptional case" motions by taking up moot defenses that are unrelated to the previous final judgment. In H.R., the patent owner voluntarily dismissed its own case when it learned it lacked standing. H.R., 275 F.3d at 1381. The Federal Circuit remanded so the district court could decide section 285 issues. Id. at 1386. In remanding, the court did not indicate that the lower court was permitted to decide matters unrelated to alleged-baselessness for lack of standing. Id. at 1386. H.R., then, does not support the Sony parties' opposition.

Even in Imagineering, in which the court considered (and denied) attorney fees under Section 285 after the patent owner voluntarily dismissed its infringement claim, the court only addressed the question whether the patentee brought the action in bad faith. See Imagineering, 53 F.3d at 1267. And *that* question related to the previous final judgment. The court did not indicate that a full scale investigation into all of the possible merits or demerits of the now-dismissed case was appropriate or permitted. Hence, Imagineering provides no basis to delve into mooted defenses. Imagineering, then, also does not support the Sony parties' opposition.

To illustrate why the Sony parties' citation of these decisions misses the point, Soundview has not challenged this Court's subject matter jurisdiction to hear whether Soundview brought this case in good faith *as to matters subsumed in the final judgment*, e.g., non-infringement. Rather, Soundview contests the jurisdiction of the Court to hear defenses that were not decided before final judgment and that are mooted by that judgment in view of the patent's expiration.

The Sony parties try to support their arguments by citing Forest Laboratories, Inc. v. Abbott Laboratoties, 339 F.3d 1324, 1329-30 (Fed. Cir. 2003) (Sony Br. 5). They argue that Forest holds

"that reasonable attorneys' fees under section 285 may be based upon either (1) inequitable conduct before the USPTO or (2) vexatious, unjustified or bad faith litigation." (Sony Br. 5). While this is a correct statement of the law, it, too, ignores Soundview's point. <u>Forest</u> does not support that an "exceptional case" finding may be based on mooted defenses unrelated to the final judgment, and indeed suggests the contrary. See <u>id.</u> at 1330 ("Once it had been concluded that ONY and Forest were not infringing the Abbott-Tanabe patents, whether Abbott would be estopped from enforcing those patents against ONY and Forest became moot."). To say that inequitable conduct is one of the factors that may support an exceptional case finding is *not* to say that this Court has jurisdiction to decide that issue once it has become moot.

The Sony parties' closest authority — <u>Pharmacia & Upjohn Co.</u> v. <u>Mylan Pharmaceuticals, Inc.,</u> 182 F.3d 1356, 1359-60 (Fed. Cir. 1999) — is clearly distinguishable. In <u>Pharmacia</u>, a fully litigated *judgment* of inequitable conduct had already been rendered by another court *before* the district court in the case-under-review entered its judgment of non-infringement. On these facts, the <u>Pharmacia</u> court stated:

> As a matter of law, we hold that such a judgment [i.e., the previous judgment of inequitable conduct] must be considered in ascertaining whether a case is exceptional under *35 U.S.C. § 285*. Accordingly, we vacate and remand for consideration of whether this is an exceptional case in view of the judgment in Mova.

<u>Id.</u> at 1361. At the time the district court first took up the "exceptional case" question, inequitable conduct was already adjudged. Here, in contrast, the inequitable conduct defense has never been adjudged and is now moot. Nothing in <u>Pharmacia</u> requires this Court hold proceedings on a moot inequitable conduct issue.

Likewise, in <u>A.B. Chance Co.</u> v. <u>RTE Corp.,</u> 854 F.2d 1307, 1312-13 (Fed. Cri. 1988) (cited

by the Sony parties at page 6), the district court neglected to address inequitable conduct in ascertaining whether the case was exceptional, even though inequitable conduct was a defense for which there was still subject matter jurisdiction at the time of final judgment. The Federal Circuit remanded so the district court could make such determinations, holding that it was error to overlook the defense. A.B. Chance is distinguishable — at the time the district court first took up the attorney-fee question, the inequitable conduct defense was not moot. Hence, the district court had a duty to address it. Here, in sharp contrast, the final judgment of non-infringement coupled with patent expiration make the Sony parties' inequitable conduct defense moot. At the first chance this Court has had to address attorney fees (i.e., now), those defenses are moot. Cf. W.G. v. Senatore, 18 F.3d 60, 64 (2d Cir. 1994) ("[F]ee shifting provisions cannot themselves confer subject matter jurisdiction. . . . Where there is no subject matter jurisdiction to proceed with the substantive claim, as a matter of law 'that lack of jurisdiction bars an award of attorneys fees under section 1988.'"); Booth v. Bel, 1997 U.S. Dist. LEXIS 311, at *3-*4 (S.D.N.Y. 1997) ("This Court cannot grant Defendant's motion for attorneys' fees because it lacks jurisdiction to do so.") (citing W.G.).

The Sony parties simply fail to refute what Soundview established at pages 7-9 of its opening brief. The Sony parties have no right to force this Court to go through the wasteful exercise of deciding whether there might once have been meritorious affirmative defenses to the assertion of a non-infringed, now-expired patent. There is no longer any case or controversy under Article III of the U.S. Constitution.

## II.     PATENT MISUSE IS A MOOT DEFENSE

Citing no relevant authority, the Sony parties bootstrap that the "patent misuse" defense is not moot because Soundview has not yet "purged" the misuse. (Sony Br. 7-9). That is classic

misdirection. Even assuming there was misuse to purge, the Court could never compel a party to "purge" it. Since "patent misuse" is a variation on the equitable doctrine of "unclean hands," the only remedy a finding of misuse can compel is patent unenforceability, with "purging the misuse" being at the patentee's election if it wants to unwind the equitable remedy. B. Braun Medical Inc. v. Abbott Laboratories, 124 F.3d 1419, 1427 (Fed. Cir. 1997). The Sony parties have not challenged the fact the patent is already unenforceable by virtue of its expiration. Hence, the defense is moot.

The Sony parties advance a theory of jurisdiction already rejected by the Federal Circuit. They say they will receive a windfall of millions of dollars should Soundview decide to "purge" the alleged misuse. (Sony Br. 7-9). First, whether or not Soundview elects to "purge" alleged misuse cannot be used to decide if the defense exists. Misuse or no misuse, purged or not purged, the patent is still unenforceable because it is expired. Mootness exists because no Court-resolution of the defense can change the current legal relationship between the parties. Second, when used successfully, the patent misuse defense results in rendering the patent unenforceable until the misuse is purged. B. Braun Medical, 124 F.3d at 1427. If a patentee is willing to accept unenforceability, nothing compels the patentee to "purge." Under controlling Federal Circuit law, the defense does not result in an award of damages to the accused infringer. Id. Monetary damages may not be awarded under a declaratory judgment counterclaim based on patent misuse because patent misuse simply renders the patent unenforceable. Id. at 1428.

## III.  CONCLUSION

That certain defenses became moot after appeal was foreseeable. The Sony parties never objected to or appealed from the procedural events that created that possibility. The Order of Stay Pending Appeal dated September 26, 2003 (Dkt. 452) established two possible outcomes from the

-6-

appeal. If Soundview's appeal were granted, the case would have returned to this Court with every defense, and every arguable claim for attorney-fees, still live and justiciable. But since Soundview's appeal was rejected, the case returned to this Court fully adjudicated. Under this foreseeable set of events, there is now no need — and no jurisdiction — to waste judicial resources on mooted defenses or counterclaims.

Ironically, the Sony parties point the finger at Soundview, accusing it of waiving its right to claim that the Order of Stay was improper (a contention Soundview never made anyway and is not making now). The opposite is true. The *Sony parties* waived any right to litigate the now-moot defenses by not pursuing them before the Court entered its partial final judgment of non-infringement.

Since no legitimate purpose is served in holding further proceedings, Soundview's motion should be granted.

Respectfully submitted,

SOUNDVIEW TECHNOLOGIES, INC.

John J. Bogdanski (ct06217)
David S. Monastersky (ct13319)
HOWD & LUDORF
65 Wethersfield Avenue
Hartford, Connecticut 06114
(860) 249-1361
Fax: (860) 522-9549

Raymond P. Niro (ct18107)
John C. Janka (ct20463)
Robert P. Greenspoon (ct21736)
Paul C. Gibbons (ct18826)

NIRO, SCAVONE, HALLER & NIRO
181 West Madison Street, Suite 4600
Chicago, Illinois  60602
Phone: (312) 236-0733

Attorneys for Soundview Technologies, Inc.

## CERTIFICATE OF SERVICE

The undersigned counsel of record hereby certifies that a copy of the foregoing **SOUNDVIEW'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS** was served upon lead counsel for the below listed parties by facsimile and first class mail (on all lead patent counsel) on January 26, 2005:

## SERVICE LIST

| Counsel for Consumer Electronics Association | |
|---|---|
| Counsel | Local Counsel |
| Peter J. Kadzik<br>R. Bruce Holcomb<br>Gary Hoffman<br>Kenneth W. Brothers<br>Jorge Kotelanski<br>Dickstein Shapiro Morin & Oshinsky<br>2101 L Street, N.W.<br>Washington, D.C.  20037<br>Tel:  202-785-9700<br>Fax: 202-887-0689<br><br>Tel: 202-775-4704 (Kadzik)<br>kadzik@dsmo.com<br><br>Tel: 202-828-2242 (Holcomb)<br>hoffman@dsmo.com | Connecticut<br>Jacqueline D. Bucar<br>Ben Solnit<br>Tim Jensen<br>Peter Sachner<br>Tyler Cooper & Alcorn<br>205 Church Street<br>New Haven, Connecticut 06509-1910<br>Tel: 203-784-8200<br>Fax: 203-865-7865<br>bucar@tylercooper.com<br><br>Tel: 203-784-8205 (Solnit)<br>solnit@tylercooper.com<br><br>Tel: 203-784-8228 (Jensen)<br>jensen@tylercooper.com<br><br>Tel: 203-784-8240 (Sachner)<br>sachner@tylercooper.com |

Page 1 of 3

| Counsel for Mitsubishi Digital Electronics America | |
| --- | --- |
| Counsel | Local Counsel |
| Patent Infringement<br>Vincent J. Belusko<br>Eric Shih<br>Robert S. McArthur<br>Morrison & Foerster LLP<br>555 West Fifth Street<br>Los Angeles, California 90013-1024<br>Tel:    213-892-5200<br>Fax:    213-892-5454 | Connecticut<br>Joseph L. Clasen<br>James M. Ruel<br>David J. Burke<br>Robinson & Cole LLP<br>695 East Main Street<br>P.O. Box 10305<br>Stamford, CT 06901<br>Tel:    203-462-7510<br>Fax:    203-461-7599 |
| Counsel for Sharp Electronics Corporation | |
| Counsel | Local Counsel |
| Robert W. Adams<br>U.S. Mickey Gill<br>Nixon & Vanderhye, PC<br>1100 North Glebe Road, 8th Floor<br>Arlington, VA  22201-4714<br>Tel:    703-816-4000<br>Fax:    703-816-4100<br>email: rwa@nixonvan.com (Adams) | Connecticut<br>William M. Bloss<br>Alinor C. Sterling<br>Jacobs, Grudberg, Belt & Dow PC<br>350 Orange Street<br>New Haven, CT  06511<br>Tel:    203-772-3100 (x 271)<br>Fax:    203-772-1691<br>email: bbloss@jacobslaw.com |
| Counsel for Toshiba America Consumer Products, Inc. | |
| Counsel | Local Counsel |
| Larry S. Nixon<br>Michael Shea<br>Jeff Nelson<br>Nixon & Vanderhye, PC<br>1100 North Glebe Road<br>Arlington, VA  22201-4714<br>Tel:    703-816-4000<br>Fax:    703-816-4100<br>lsn@nixonvan.com | Connecticut<br>William M. Bloss<br>Alinor C. Sterling<br>Jacobs, Grudberg, Belt & Dow, P.C.<br>350 Orange Street., P.O. Box 606<br>New Haven, Connecticut 06503<br>Tel: 203-772-3100<br>Fax: 203-772-1691 |

| Counsel for Sony Electronics, Inc.  and Sony Corporation of America | |
|---|---|
| IP<br>Richard I.  Delucia<br>Richard Gresalfi<br>Elizabeth Gardner<br>Alex D.  Skucas<br>Jeffrey S.  Gerchuck<br>Thomas R. Makin<br>Kenyon & Kenyon LLP<br>One Broadway<br>New York, New York 10004<br>Tel:   212-425-7200<br>Fax:   212-425-5288<br>rdelucia@kenyon.com<br>egardner@kenyon.com<br><br>Antitrust<br>Richard M.  Steuer<br>Mayer, Brown, Rowe & Maw LLP<br>1675 Broadway<br>New York, NY  10019-5820<br>Tel:   212-506-2500<br>Fax:  212-262-1910<br>rsteuer@mayerbrown.com | |