UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

Sony Electronics, Inc.,
et al.
                                          :
                                          :    Lead Docket
v.                                        :    3:00cv754 (JBA)
                                          :
Soundview Technologies, Inc.              :

**Ruling on Soundview's Motion to Dismiss All Pending Counterclaims of the Non-Soundview Parties [Doc. # 476]**

Soundview moves to dismiss the pending counterclaims of the non-Soundview parties for lack of subject matter jurisdiction. For the reasons that follow, Soundview's motion [Doc. # 476] is GRANTED.

**I.  Background**

On September 25, 2002, this Court granted the Non-Soundview Parties'[1] Motion for Summary Judgment of Non-Infringement, see Sony Elec. Inc. v. Soundview Techs, Inc., 225 F. Supp. 2d 164 (D. Conn. 2002), and thereafter, with agreement of the parties, entered partial final judgment as to those claims for which summary judgment had been granted, and stayed the remaining claims pending appeal. See Order Entering Partial Final Judgment, Sept. 26, 2003 [Doc. # 451]; Order of Stay Pending

---

[1] The "Non-Soundview Parties" are Sony Corporation of America, Sony Electronics Inc., Mitsubishi Digital Electronics America, Sharp Electronics Corp., Toshiba America Consumer Products, Inc., the Consumer Electronics Association ("CEA"), and the Electronic Industries alliance ("EIA").

1

Appeal, Sept. 26, 2003 [Doc. # 452]. On August 11, 2004, the Federal Circuit affirmed this Court's non-infringement decision.

Soundview now moves to dismiss all pending counterclaims of the non-Soundview parties, arguing that because the Federal Circuit affirmed the non-infringement judgment, and because the patent-in-suit expired in 2003, the remaining counterclaims are moot. At a status conference on February 18, 2005, Sony agreed to waive its remaining counterclaims.[2] Sharp, however, pursues its declaratory judgment counterclaim, and in particular seeks a finding that Soundview engaged in inequitable conduct during the reexamination proceeding before the U.S. Patent and Trademark Office, which it argues is a basis for an award of attorneys fees under 35 U.S.C. § 285.

## II. Discussion

Soundview argues that this Court lacks jurisdiction to decide Sharp's counterclaim because there is no live case or controversy between the parties. The Court agrees. A "party seeking a declaratory judgment has the burden of establishing the existence of an actual case or controversy." Cardinal Chemical Co. v. Morton Int'l, Inc., 508 U.S. 83, 95 (1993). Construing this Article III requirement, the Supreme Court declared:

---

[2]Although Sony's Twelfth Counterclaim raises an "Exceptional Case" claim, the non-Soundview parties are entitled to seek "exceptional case" attorneys fees as prevailing parties under 25 U.S.C. § 285 regardless of whether this is labeled as a separate counterclaim.

2

> A justiciable controversy is . . . distinguished from a difference or dispute of a hypothetical or abstract character; from one that is academic or moot. The controversy must be definite and concrete, touching the legal relations of parties having adverse legal interests. It must be a real and substantial controversy admitting of specific relief through a decree of a conclusive character, as distinguished from an opinion advising what the law would be upon a hypothetical state of facts.

Aetna Life Ins. Co. of Hartford v. Haworth, 300 U.S. 227, 240-41 (1937).

In the patent context, while a finding of non-infringement may moot declaratory judgment counterclaims on unenforceability or invalidity, such counterclaims are not moot as a matter of law, and a live controversy may remain. See Cardinal Chemical, 508 U.S. at 103; Liquid Dynamics Corp. v. Vaughan Co., 355 F.3d 1361, 1370 (Fed. Cir. 2004). For example, even if there is a judicial finding of non-infringement, a declaratory judgment may be appropriate where "a company once charged with infringement [is] concerned about the risk of similar charges if it develops and markets similar products in the future." Cardinal Chemical, 508 U.S. at 100. The "importance to the public at large of resolving questions of patent validity" has been long recognized, as there is a danger that holders of invalid patents may be awarded improper monopoly privileges so long as the issue of patent validity remains unsettled, and a declaratory judgment may be sought to "avoid the threat of a 'scarecrow' patent" used to gain an advantage over a competitor. See Cardinal Chemical, 508

U.S. at 95-96, 100.

Here, however, no such actual controversy remains. The effect of a declaratory judgment of inequitable conduct is that Soundview's patent would be rendered unenforceable against Sharp and other potential infringers. Sharp's interest in such a judgment has been mooted because the Court's noninfringement finding has now been affirmed by the Federal Circuit and the time for petitioning the Supreme Court for certiorari has passed without Soundview's filing such a petition. Thus, the infringement dispute between these parties is closed, and because Sharp's technology has been found to be non-infringing, Soundview's patent cannot be enforced against it regardless of whether inequitable conduct before the Patent Office took place.

Moreover, Soundview's patent-in-suit expired in 2003, thereby extinguishing the possibility of relitigation between these parties. While there is a six year statute of limitations to bring a patent infringement claim under 35 U.S.C. § 286, Sharp has not identified any other existing products that may be subject to Soundview's infringement claims, and because the patent has expired, there is no risk that future Sharp products will be accused of infringing Soundview's patent. In these circumstances, to decide the declaratory judgment counterclaims would be to render an advisory opinion with no effect on the parties before the court. There is no constitutional basis for

4

such a decision.

Sharp argues, however, that its inequitable conduct claim forms a basis of its claim to an award of attorneys fees under 35 U.S.C. § 285, and points to Federal Circuit authority that inequitable conduct must be considered as a basis for an award of attorneys fees under § 285. See, e.g. Pharmacia & Upjohn Co. v. Mylan Pharmaceuticals, Inc., 182 F.3d 1356, 1360 (Fed. Cir. 1999); A.B. Chance Co. v. RTE Corp., 854 F.2d 1307, 1313 (Fed. Cir. 1988). Section 285, however, is not an independent basis for jurisdiction, providing only that "the court in exceptional cases may award reasonable attorney fees to the prevailing party." Thus, Sharp is entitled to seek attorneys fees on the underlying litigation on which Sharp has prevailed, but cannot create more litigation that is otherwise moot merely to create an alternative basis for attorneys fees. C.f. W.G. v. Senatore, 18 F.3d 60, 64 (2d Cir. 1994) ("[F]ee shifting provisions cannot themselves confer subject matter jurisdiction . . . Where there is no subject matter jurisdiction to proceed with the substantive claim, as a matter of law that lack of jurisdiction bars an award of attorneys fees . . . .") (citation and internal quotation marks omitted).

None of the cases relied on by Sharp requires that a court that would otherwise be deprived of jurisdiction to hear a declaratory judgement counterclaim must nonetheless hear the

5

claim solely as a basis for attorneys fees. In Pharmacia & Upjohn Co., 182 F.3d at 1360, for example, the Federal Circuit held that where "a judgment of inequitable conduct has already been made by a court of competent jurisdiction," that "such a judgment must be considered in ascertaining whether a case is exceptional under 35 U.S.C. § 285." Similarly, in A.B. Chance Co., the district court retained jurisdiction to decide the inequitable conduct claim at the time it considered the attorneys fees issue. Therefore, the Federal Circuit's finding that the district court "erred when it did not make a determination of whether or not Chance had engaged in inequitable conduct before the PTO" in no way suggests that the attorneys fees statute itself conferred jurisdiction that would otherwise be lacking. A.B. Chance is also distinguishable because the inequitable conduct claim that the Federal Circuit ordered the district court to consider was closely linked to the issue of patent invalidity on which the district court granted summary judgment, and on which the Federal Circuit reversed and remanded for trial. Both claims were based on the sale of technology that was the subject of the patent more than one year prior to the patent application.

Buildex Inc. v. Kason Industries, Inc., 849 F.2d 1461 (Fed. Cir. 1988) is similarly distinguishable. In Buildex, the Federal Circuit found that "[a]lthough this [inequitable conduct] issue may appear moot in view of our holding that the '265 patent is

6

invalid under § 102(b), the question of Holden's and Buildex's conduct in the procurement of the patent is still relevant to Kason's request for attorney fees under 35 U.S.C. § 285, which was not decided by the district court, as bearing on the question whether the case is 'exceptional.'" Id. at 1466. Importantly, however, the district court had earlier considered, and rejected, the inequitable conduct counterclaim, and the inequitable conduct claim was based on substantially the same set of facts as the invalidity counterclaim on which the district court had granted summary judgment and the Federal Circuit reversed. Thus, not only was the district court's original jurisdiction not in question, but an award of attorneys fees based on inequitable conduct would directly relate to the already-litigated subject matter.

The question of whether this Court would earlier have had jurisdiction to consider the inequitable conduct counterclaims is not before the Court. See, e.g. Multiform Desiccants, Inc. v. Medzam, Ltd., 133 F.3d 1473 (Fed. Cir. 1998) (noting "the useful general rule that trial courts should decide all litigated issues, in the interest of finality."). By consent of all parties, and in accordance with Nystrom v. Trex Company, Inc., 339 F.3d 1347 (Fed. Cir. 2003), this Court directed entry of a partial final judgment pursuant to Fed. R. Civ. P. 54(b), permitting the appeal of the infringement and antitrust summary

7

judgment decisions. As the appeal is now completed, and the non-infringement finding has been affirmed, Sharp has no "justiciable interest" in an inequitable conduct ruling. See Medzam, 133 F.3d at 1481.

### III. Conclusion

For the foregoing reasons, Soundview's Motion to Dismiss [Doc. # 476] is GRANTED. Accordingly, Soundview's Renewed Motion for Summary Judgment [Doc. # 78] is DENIED as moot.

IT IS SO ORDERED.

/s/

_____

Janet Bond Arterton, U.S.D.J.

**Dated at New Haven, Connecticut, this 4th day of March, 2005.**

8