UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| SONY ELECTRONICS, INC., et al. ) | |
| ) | |
| Plaintiffs, ) | |
| v. ) | LEAD DOCKET NO. |
| ) | 3:00-CV-00754 (JBA) |
| ) | U.S.D.C./New Haven |
| SOUNDVIEW TECHNOLOGIES, INC., et al. ) | |
| ) | ALL CASES |
| Defendant ) | |
| ) | |

**MEMORANDUM IN SUPPORT OF MOTION FOR RECONSIDERATION OF "RULING ON SOUNDVIEW'S MOTION TO DISMISS ALL PENDING COUNTERCLAIMS OF THE NON-SOUNDVIEW PARTIES [DOC. # 476]"**

Sharp Electronics Corporation (Sharp) requests reconsideration of this Court's Ruling, filed March 7, 2005, granting Soundview Technology, Inc.'s (Soundview) motion to dismiss Sharp's pending Section 285 counterclaim. Reconsideration of a previous ruling is appropriate under, among other conditions, the need to correct a clear error of law. *See United States v. Sanchez*, 35 F.3d 673, 677 (2d Cir. 1994); *United Technologies Corp. v. American. Home Assurance Co.*, 237 F. Supp. 2d 168, 170-71 (D. Conn. 2001). Sharp respectfully believes that the prior ruling meets that for four reasons.

First, the fundamental basis of the Court's Ruling is the statement (page 5) that "Section 285, however, is not an independent basis for jurisdiction." Sharp respectfully believes that this statement is contrary to controlling authority of the Federal Circuit. For

908986

example, in *H.R. Technologies, Inc. v. Astechnologies, Inc.*, 275 F.3d 1378, 1386 (Fed. Cir. 2002), the Federal Circuit reversed the district court's dismissal of counterclaims for attorneys fees under (1) Section 285, (2) unfair competition and (3) tortious interference with potential business relations because the plaintiff in the case had no standing to assert its claim against Astechnologies.  Significantly, the Federal Circuit held that:

> because two of these counterclaims [Section 285 and unfair competition] were within the district court's federal question jurisdiction, the state law claim that was before the court based on supplemental jurisdiction did not have to be dismissed when the original complaint was dismissed.

*Id*.  This statement plainly demonstrates that Section 285 is an independent basis for jurisdiction.

This decision is in accord with prior Federal Circuit holdings.  For example, in *Imagineering, Inc. v. Van Klassens, Inc.*, 53 F.3d 1260, 1263 (Fed. Cir. 1995), the Federal Circuit ruled that a claim arising under section 285 survived the patent owner's voluntary dismissal of a design patent infringement claim.  Significantly, the Federal Circuit only has appellate jurisdiction if the case below includes a claim arising under the Patent Act.  In that case, all of the other claims involved trademark issues, except for the Section 285 claim.  The Federal Circuit ruled that it had appellate jurisdiction stating:

> Since section 285 appears in title 35 and was enacted as part of United States patent law, the question whether a case is exceptional within the meaning of section 285 arises under the Patent Act.  Accordingly, this court may consider Van Klassens' appeal.

*Id*.  Again, this decision emphasizes that Section 285 is an independent basis for jurisdiction.

This *Imagineering* ruling was relied upon by the Federal Circuit in *Hunter Douglas, Inc. v. Harmonic Design, Inc.*, 153 F.3d 1318, 1330 (Fed. Cir. 1998).  There, the Federal Circuit held that federal jurisdiction exists under Section 1338(a) with respect to at least four different issues of patent law.  One of these four issues is a claim for attorney's fees under section 285 of the patent laws.  *Id*., citing *Imagineering, Inc*.

Consequently, subject matter jurisdiction remains in this case with respect to Sharp's attorneys fees claim under section 285.[1]  Further, this Court may award reasonable attorneys' fees under 35 U.S.C. § 285 based upon (1) inequitable conduct before the USPTO, (2) vexatious, unjustified or bad faith litigation, or (3) both grounds.  *Forest Laboratories, Inc. v. Abbott Laboratories*, 339 F.3d 1324, 1329-30 (Fed. Cir. 2003); *Pharmacia & Upjohn Co. v. Mylan Pharmaceuticals*, 182 F.3d 1356, 1359-60 (Fed. Cir. 1999).  Here, Sharp seeks its Section 285 attorney's fees on both grounds.

Second, the Court's Ruling also appears to confuse Sharp's counterclaim for unenforceability with its separate claim for Section 285 attorneys' fees.  These are two separate legal issues.  Thus, even assuming that Sharp's counterclaim for unenforceability is

---

[1] The Court's Ruling relies on *W.G. v. Senatore*, 18 F.3d 60, 64-65 (2nd Cir. 1994) for the proposition that a fee shifting provision cannot confer subject matter jurisdiction.  However, in that case, the lower court expressly found that it did not have jurisdiction as to the underlying cause of action under the statute.  Here, Section 285 has its own jurisdictional basis.

moot, that does not mean that its claim for Section 285 attorney's fees is moot.

In this connection, the Court's attention is directed to the Supreme Court decision in *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 395-96 (1990). There, the Supreme Court succinctly summarized this distinction by stating that:

> Like the imposition of costs, attorney's fees, and contempt sanctions, the imposition of a Rule 11 sanction is not a judgment on the merits of the action. Rather, it requires the determination of a collateral issue: whether the attorney has abused the judicial process, and, if so, what sanction would be appropriate. Such a determination may be made after the principal suit has been terminated.

*Id.* at 396  Indeed, the Supreme Court emphasized this point by reiterating that motions for attorney's fees are independent proceedings supplemental to the original case and not a modification of that case so that "even years later" a federal court may consider an award of attorney's fees.  *Id.* at 395.

In summary, in its Section 285 claim, Sharp is only seeking a decision with respect to attorney's fees under Section 285 based upon both bad faith litigation and inequitable conduct. Sharp is not seeking a decision on Sharp's unenforceability counterclaim that the Soundview patent is unenforceable.  Although these issues are closely related, they are collateral issues as indicated in *Cooter & Gell*.[2]

Put another way, even if the counterclaim for unenforceability is moot, the claim for attorney's fees under Section 285 is not moot.  As stated in *Cooter & Gell*, "even 'years after

---

[2]  When this issue was first briefed, Sony had pending claims for inequitable conduct.  As noted on page 2 of the Court's Ruling, Sony waived those claims on February 18, 2005.

the entry of judgment on the merits' a federal court can consider attorneys fees."  *Id.* at 395.

Third, Sharp respectfully submits that the issue of inequitable conduct was one of the focal points of discovery in this case.  This is demonstrated, for example, by the citations to discovery depositions and deposition exhibits in "Sharp's Proposed Findings of Fact And Conclusions of Law Regarding Sharp's Request for Attorney's Fees" filed on February 28, 2005 (Attachment 1 hereto).  Thus, in this case, significant discovery was taken with respect to inequitable conduct and Sharp is entitled to rely upon what it developed during discovery as a basis for its Section 285 claim for attorney's fees.

Fourth, on pages 7-8 of the Court's Ruling, the Court indicates that "The question of whether this Court would earlier have had jurisdiction to consider the inequitable conduct counterclaims is not before this Court."  The Ruling then appears to indicate that Sharp's counterclaim for unenforceability was dismissed or otherwise previously disposed of so that Sharp waived or forfeited its right to seek attorney's fees based upon inequitable conduct.

This statement is incorrect.  From a legal standpoint, the Supreme Court in *Cooter & Gell*, stated that "even 'years after the entry of judgment on the merits' a federal court could consider an award of attorneys fees."  496 U.S. at 395.  Therefore, there is no requirement that there be an overlap in the jurisdiction of a counterclaim for unenforceability and a Section 285 claim based on inequitable conduct in order for the latter claim to be heard by a district court.

Moreover, the record in this case establishes that Sharp did not waive or forfeit its attorney's fee claim based upon inequitable conduct.  The Order of Stay Pending Appeal [Dkt.

452] is very explicit that "Sharp's 'exceptional case' counterclaim" remains in the case and is stayed pending appeal.  This statement clearly shows that Sharp did not waive or forfeit its right to seek attorney's fees based <u>upon both bad faith litigation and inequitable conduct</u>.

Also, the Order Entering Partial Summary Judgment [Dkt. 451] and the Partial Judgment [Dkt. 453] contain the same following language with respect to the counterclaims of Sharp that were resolved and dismissed:

> Partial judgment declaring noninfringement is entered in favor of Sharp Electronics Corp. on Sharp's counterclaim for declaratory judgment of no infringement, invalidity, and unenforceability.  Sharp's counterclaim for invalidity is dismissed without prejudice.

Significantly, while this Order and Partial Judgment language recognizes that Sharp has an unenforceability counterclaim, it does not provide that the claim is dismissed.  Thus, to the extent that the Court's Ruling is based upon an alleged dismissal of Sharp's counterclaim for unenforceability, Sharp respectfully submits that this is an error.[3]

Furthermore, pages 7-8 of the Court's Ruling are inconsistent with the language quoted above (even assuming *arguendo* that this also meant the unenforceability counterclaim) because the Court's Ruling treats the Partial Judgment as a dismissal of that counterclaim <u>with</u>

---

[3] Soundview did not appeal either that Order or the Partial Judgment with respect to these issues. As a result, Soundview waived any objections to the language of that Order and Partial Judgment. Indeed, the filing of Soundview's Renewed Motion for Summary Judgment of no inequitable conduct, filed on December 8, 2004, is an admission by Soundview that it believed that Sharp's inequitable conduct counterclaim possibly remains in this case. In its renewed motion papers, Soundview noted that it renewed the motion because, in part, the prior motion was denied without prejudice to renew it. [Dkt. 440]

908986

prejudice, whereas the Partial Judgment expressly states that the dismissal of the invalidity counterclaim was without prejudice.

Thus, Sharp respectfully submits that a "dismissal without prejudice" cannot have a prejudicial effect upon another, different claim that remains in the case. Specifically, the dismissal of Sharp's invalidity counterclaim without prejudice cannot have an adverse impact upon the separate Section 285 claim that remains in the case. They involve two different claims and the dismissal of one without prejudice cannot adversely affect the other.

Stated somewhat differently, a "dismissal without prejudice" of the invalidity counterclaim is a dismissal that does not operate as an adjudication on the merits. Thus, it cannot have a *res judicata* or other adverse effect as may be implied by the Court's Ruling.

Finally, even if the dismissal without prejudice is erroneously viewed as a dismissal with prejudice, the decision in *Buildex Inc. v. Kason Industries, Inc.*, 849 F.2d 1461, 1466 (Fed. Cir. 1988), is relevant. There, the Federal Circuit reversed the lower court because it had failed to consider the issue of inequitable conduct with respect to a Section 285 attorney's fees claim. Significantly, in *Buildex,* the lower court expressly ruled that there was no inequitable conduct with respect to a counterclaim for unenforceability which would seem to "moot" the need to consider inequitable conduct in a Section 285 context. Nevertheless, the Federal Circuit ruled that inequitable conduct still had to be considered with respect to the Section 285 attorney's fees request. This decision again emphasizes the collateral nature of the separate counterclaims for unenforceability and a Section 285 claim. It also emphasizes

the <u>requirement</u> to consider inequitable conduct under a Section 285 claim.[4]

In view of the foregoing, Sharp seeks reconsideration of the Court's Ruling. Specifically, Sharp requests that the Court reinstate the two day hearing (albeit for a different date) that was previously set with respect to Sharp's Section 285 claim concerning inequitable conduct.

SHARP ELECTRONICS CORP.

By: _____
William M. Bloss,
Federal Bar No. ct01008
Koskoff Koskoff & Bieder, P.C.
350 Fairfield Avenue
Bridgeport, CT 06604
Tel: (203) 336-4421
FAX: (203) 368-3244

---

[4] The *Pharmacia*, *A.B. Chance* and *Medzam* decisions cited in the Court's Ruling do not stand for the proposition that a district court <u>only</u> can reach the issue of inequitable conduct with respect to Section 285 if the Court has made a determination on a claim of inequitable conduct or if a counterclaim for unenforceability still remains.  Indeed, although the Court's Ruling attempts to distinguish *A.B. Chance Co. v. RTE Corp.*, 854 F.2d 1307, 1312-13 (Fed. Cir. 1988), on various grounds, it is noteworthy that the Federal Circuit vacated the district court's denial of the attorney's fees request because the lower court separately failed to make a determination on the issue of inequitable conduct as it applies to Section 285 attorney's fees. The citation to *Medzam* in the Court's Ruling is interesting because, in that case, the district court did not make any ruling with respect to invalidity and unenforceability but, rather, limited its decision to non-infringement.  Nevertheless, the lower court expressly considered the issue of inequitable conduct as it applies to the Section 285 attorney's fee request. *Multiform Desiccants, Inc. v. Medzam, Ltd.*, No. 91-CV-0095E(H), 1995 WL 737929 at 12 (W.D.N.Y. Dec. 7, 1995).

908986

By:_____
    Robert W. Adams
    Updeep S. Gill
    NIXON & VANDERHYE PC
    1100 North Glebe Road. 8th Flr.
    Arlington, VA 22201
    (703) 816-4000

## CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing has been mailed, postage prepaid, on this 16th day of March, 2005 to all counsel of record for the non-Soundview parties and that it served counsel for Soundview by FedEx:

Jacqueline D. Bucar, Esq.
Tyler Cooper & Alcorn
205 Church Street
P.O. Box 1936
New Haven, CT  06509-1910

Brian E. Moran, Esq.
Joseph L. Clasen, Esq.
Robison & Cole, LLP
695 East Main Street
P.O. Box 10305
Stamford, CT  06904-2305

Raymond Niro, Esq.    (VIA FEDEX)
Robert P. Greenspoon, Esq.
Niro Scavone Haller & Niro
181 West Madison Street, Suite 4600
Chicago, Illinois  60602

John J. Bogdanski, Esq.    (VIA FEDEX)
Howd & Ludorf
65 Wethersfield Avenue
Hartford, CT  06114

Peter J. Kadzik, Esq.
Dickstein Shapiro Morin & Oshinsky
3101 L Street NW
Washington, DC  20037

Larry S. Nixon, Esq.
Nixon & Vanderhye P.C.
1100 North Glebe Road, 8th Floor
Arlington, Virginia  22201-4714

Vincent J. Belusko, Esq.
Morrison & Foerster
555 West Fifth Street
Suite 3500
Los Angeles, California  90013-1024

Richard Gresalfi, Esq.
Richard I. Delucia, Esq.
Elizabeth Gardner, Esq.
Kenyon & Kenyon LLP
One Broadway
New York, New York  10004

                                                                                                                     _____
William M. Bloss

908986