UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| SONY ELECTRONICS, INC. et al., | ) | |
| | ) | LEAD DOCKET NO. |
| Plaintiffs, | ) | 3:00-CV-00754 (JBA) |
| | ) | U.S.D.C./New Haven |
| v. | ) | |
| | ) | MEMBER CASE NOS. |
| | ) | 3:00-CV-768 (JBA) |
| SOUNDVIEW TECHNOLOGIES, INC. et al., | ) | 3:00-CV-981 (JBA) |
| | ) | ALL CASES |
| Defendants. | ) | MARCH 29, 2005 |

## SOUNDVIEW'S OPPOSITION TO SHARP'S MOTION TO RECONSIDER

**I.    THIS COURT'S RULING ON SUBJECT MATTER
JURISDICTION DISPOSES OF ALL OF SHARP'S ARGUMENTS**

This Court's Ruling (Dkt. # 476) dismissing Sharp's inequitable conduct counterclaims was correct. Even Sharp does not dispute the principal ground on which the decision rests – that there is no subject matter jurisdiction over Sharp's moot inequitable conduct declaratory judgment claim. "Without jurisdiction the court cannot proceed at all in any cause. Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause." Steel Co. v. Citizens for a Better Environment, 523 U.S. 83, 94 (1998), quoting Ex parte McCardle, 74 U.S. 506, 7 Wall.

506, 514 (1869).  That principle, upheld for a century and a half, is why each federal court has a "special obligation" to satisfy itself that subject matter jurisdiction exists: where there is no jurisdiction, the merits of the action cannot even be reached.  Steel Co. 523 U.S. at 95-97.  This Court need go no further to reject Sharp's motion for reconsideration – indeed, as the Supreme Court held in McArdle and recently reaffirmed in Steel Company, this Court actually *cannot* go any further.

For that reason alone, Sharp's motion must be denied.  Nor would Sharp's specific arguments fare any better, even if this Court had power to consider them.

## II.    SHARP'S CHANGE OF POSITION COMES TOO LATE

For the first time, Sharp now says it "is not seeking a decision on Sharp's unenforceability counterclaim that the Soundview patent is unenforceable." (Sharp Br. 4).  This surprising about-face comes too late.  For instance, what claim was Sharp urging toward trial other than the counterclaim it now says (for the first time) that it was not pursuing?  Sharp's belated attempt to revise its counterclaim is another reason to deny its motion for reconsideration.

Motions for reconsideration are not the place to try out new arguments and changed positions like the one Sharp now urges on this Court.

2

"A motion for reconsideration cannot be employed as a vehicle for asserting new arguments or for introducing new evidence that could have been adduced during the pendency" of the underlying motion. *Lo Sacco v. Middletown, 822 F. Supp. 870, 877 (D. Conn. 1993).* "The scope of review on motions for reconsideration is limited to ensure the finality of decisions and to prevent the practice of a losing party examining a decision and then plugging gaps of a lost motion with additional matters." *Id.* (quotation omitted).

Seaford Stamford Investor Associates, Inc. v. Thinkdirectmarketing, Inc., 2004 U.S. Dist. LEXIS 1688, *2-*3 (D. Conn. 2004). At best, Sharp's motion is no more than a futile attempt at "plugging gaps of [its] lost motion with additional matters." For that reason alone, it should be denied.

III.    **SHARP COULD NOT MEET THE
        "STRICT STANDARD" FOR RECONSIDERATION EVEN IF IT WERE
        NOT TRYING IMPROPERLY TO REVISE ITS FAILED COUNTERCLAIM**

The standard for granting a motion for reconsideration is strict. Reconsideration "will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked-- matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., 70 F.3d 255, 257 (2d Cir. 1995)*, see also *United States v. Sanchez, 35 F.3d 673, 677 (2d Cir. 1994)* (granting reconsideration is appropriate when a "need is shown to correct a clear error of law or to prevent manifest injustice."). A "motion to reconsider should not be granted where the moving party seeks solely to relitigate an issue already decided." *Shrader, 70 F.3d at 257.*

Seaford, 2004 U.S. Dist. LEXIS1688, *2; Wood v. FBI, 2004 U.S. Dist. LEXIS 25438, * 2 (D. Conn. 2004) (Arterton, J.) ("The standard for granting a motion for reconsideration is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data **that the court overlooked** ...") (emphasis added). As shown in Section V, below, in this instance Sharp has identified no "controlling decision ... that the court overlooked" – it merely disagrees with the Court's interpretation of those decisions. That is not a proper basis for reconsideration.

4

## IV.    SHARP MISSTATES THE BASIS FOR THE COURT'S RULING

Sharp contends its motion is based on the "need to correct a clear error of law." (Sharp Mem. 1).  But Sharp misstates the "fundamental basis" for the Court's Ruling.   Sharp says the "fundamental basis" of the Court's decision was its observation that "Section 285, however, is not an independent basis for jurisdiction." (Sharp Mem. 2, quoting Ruling at 5).  Sharp then cites cases in which courts have labeled a Section 285 request a "claim," and in which courts have adjudicated that "claim" post-judgment and post-appeal.  Hence, Sharp contends the Court was in error to hold Section 285 is not an independent basis for jurisdiction, despite the holding of the Supreme Court to the contrary (see Section VII, below).

In this way, Sharp twists the Court's words to make it appear as if the Court issued a different ruling from the one it actually issued.   Contrary to Sharp's arguments, the Court did not rule that mootness of the inequitable conduct claim meant that Sharp had no jurisdictional basis whatsoever for seeking attorneys fees. The part of the Ruling Sharp did not bother to quote makes this clear:

> Section 285, however, is not an independent basis for jurisdiction, providing only that "the court in exceptional cases may award reasonable attorney fees to the prevailing party."  Thus, Sharp is entitled to seek attorney fees on the underlying litigation on which Sharp has prevailed, but cannot create more litigation that is otherwise moot merely to create an alternative basis for attorneys fees.

(Ruling, Dkt. No. 476, at 5).  Hence, the Court stated Sharp was **entitled** to seek fees. However, "[n]one of the cases relied on by Sharp requires that a court that would otherwise be deprived of jurisdiction to hear a declaratory judgment counterclaim must nonetheless hear the claim solely as a basis for attorneys fees." (Ruling, Dkt. No. 476, at 5-6).

As shown, rather than stating that mootness meant Sharp could not go forward with any Section 285 fee request, the Court stated the opposite.  The Court confirmed that Sharp *has* a jurisdictional basis to go forward with such a request. Sharp simply ignores that the Court's Ruling addresses a different question: what matters may the Court hear and decide en route to deciding that request.  The Court correctly held that it cannot hear a moot declaratory judgment claim (i.e., for inequitable conduct) over which it has no jurisdiction, just to investigate whether a previously-unlitigated basis for attorneys fees might exist.

V.     <u>**SHARP "SEEKS SOLELY TO RELITIGATE AN ISSUE ALREADY DECIDED"**</u>

Sharp's caselaw is not new; and it has not shown that the Court previously ignored the cases Sharp now cites.  Instead, Sharp "seeks solely to relitigate an issue already decided," which is not a proper basis for reconsideration. <u>Seaford</u>, 2004 U.S. Dist. LEXIS 1688, *2.

Specifically, Sharp cites <u>H.R. Technologies, Inc.</u> v. <u>Astechnologies, Inc.</u>, 275 F.3d 1378, 1386 (Fed. Cir. 2002), <u>Imagineering, Inc.</u> v. <u>Van Klassens, Inc.</u>, 53 F.3d 1260, 1263 (Fed. Cir. 1995), <u>Hunter Douglas, Inc.</u> v. <u>Harmonic Design, Inc.</u>, 153 F.3d 1318,

1330 (Fed. Cir. 1998), <u>Forest Laboratories, Inc.</u> v. <u>Abbott Laboratoties</u>, 339 F.3d 1324, 1329-30 (Fed. Cir. 2003) and <u>Pharmacia & Upjohn Co.</u> v. <u>Mylan Pharmaceuticals, Inc.</u>, 182 F.3d 1356, 1359-60 (Fed. Cir. 1999). Sharp already cited these cases in briefing leading to the Ruling. Soundview's previous Reply Brief explained why they do not preclude the result the Court correctly reached.

The Court's ruling is instead ***consistent*** with the closest persuasive authority: <u>SVG Lithography Systems, Inc.</u> v. <u>Ultratech Stepper, Inc.</u>, 334 F. Supp. 2d 21, 26-27 (D. Mass. 2004). In <u>SVG</u>, the patentee's actions deprived the court of subject matter jurisdiction (namely, the patentee's covenant not to sue and simultaneous submission of a Rule 41 voluntary-dismissal motion). The accused infringer, like Sharp here, insisted on urging its "claim" for attorneys fees under Section 285. The <u>SVG</u> court ruled exactly the same way this Court did when confronted with the issue:

> Finally, Ultratech argues that this court should not dismiss the claims and counterclaims in this case because Ultratech seeks an award of attorneys' fees under *35 U.S.C. § 285* and SVGL should not be able to avoid this liability by dismissing its claims. The Federal Circuit "and other [court]s have established that there cannot be an award of attorneys' fees unless the court has jurisdiction of the action." *Hudson v. Principi, 260 F.3d 1357, 1363 (Fed. Cir. 2001).* . . . [T]he court's decision regarding whether it has subject matter jurisdiction cannot turn on the impact it may have on Ultratech's claim that this is an exceptional case justifying an award of attorneys' fees under *§ 285.*

<u>SVG</u>, 334 F. Supp. 2d at 26-27. Hence, this Court is not alone in holding that Section 285 cannot bootstrap jurisdiction to hear a matter where it is otherwise absent. There can be no "clear error of law" supporting reconsideration when the only

court presented with remotely similar controlling facts did exactly what this Court did.  Sharp was aware of the <u>SVG</u> case from Soundview's March 7, 2005 letter to the Court citing it as additional authority.  That Sharp ignores <u>SVG</u> in its reconsideration motion is inexcusable.

In sum, Sharp's re-argument of the same caselaw does not demonstrate the Court made any clear legal error in its Ruling.  This is particularly so, where Sharp misstates the nature of the Ruling rather than confront its actual reasoning.

## VI.    <u>SHARP'S RULE 11 CASELAW DOES NOT APPLY HERE</u>

As an alternative argument for reconsideration, Sharp ironically states that *the Court* "appears to confuse Sharp's counterclaim for unenforceability with its separate claim for Section 285 attorneys' fees." (Sharp Br. 3-4).  Only Sharp appears confused.  If Sharp desires strict attention to the form of its pleading, then it must explain which of its Fed. R. Civ. P.  8 pleadings it is talking about because Sharp never interposed a valid Rule 8 pleading of *either* inequitable conduct *or* a "claim" for Section 285 attorney fees.

For instance, mere inspection of Sharp's "counterclaims" shows that Sharp pled only a single count (in a conclusory fashion) for non-infringement, invalidity "with respect to Sharp's products" and unenforceability "with respect to Sharp's products." (Ex. A, excerpts from Sharp's Answer and Counterclaim re 754 and 768 cases).  The qualifier "with respect to Sharp's products" clearly shows Sharp never pled inequitable conduct *at all*.  Instead, Sharp's unenforceability pleading related

to its failed "implied license and equitable estoppel" personal defenses, which fell on summary judgment. <u>Sony</u> v. <u>Soundview</u>, 157 F. Supp. 2d 172 (D. Conn. 2001) (denying motion for summary judgment of an implied government license, and equitable estoppel).  Sharp's failure to plead inequitable conduct is even more compelling considering that Fed. R. Civ. P. 9(b) requires all such pleadings to be made with specificity. See <u>Ferguson Beauregard / Logic Controls</u> v. <u>Delaware Capital Formation</u>, 350 F.3d 1327, 1344 (Fed. Cir. 2003).

Likewise, Sharp's sole count does ***not mention*** Section 285; that is only mentioned below, in its prayer for relief: "WHEREFORE, Sharp seeks the following relief and judgment: . . . C. That the Court determine this is an 'exceptional case' under 35 U.S.C. § 285 and award Sharp its reasonable attorneys' fees." (Exhibit A). Sharp never had a bona fide "claim" under Section 285 (as opposed to a prayer for relief) no matter how liberally one reads its pleading.

In sum, Sharp cannot now credibly say the Court was "confused" when it supposedly "overlooked" Sharp's Section 285 claim based on inequitable conduct. Sharp never pled such a "claim," and indeed never made a Rule 8 pleading of inequitable conduct at all.  Obviously, Sharp's proposed Findings of Fact and Conclusions of Law (attached to its Amended Memorandum) do not match its pleading.  That Sharp wandered so far from what it pled just strengthens the conclusion that it is just trying to manufacture more litigation.

Sharp cites for the first time <u>Cooter & Gell</u> v. <u>Hartmarx Corp.</u>, 496 U.S. 384, 395-96 (1990) (superseded in part by the 1993 amendments to Rule 11), to argue the Court may still consider Section 285 attorney fees even if the court lacks subject matter jurisdiction to hear the inequitable conduct claim.  <u>Cooter</u> is inapposite.  For one thing, as mentioned above, the Court *is* considering Sharp's Section 285 request to the extent it is based on the litigated issue of non-infringement.  More importantly, <u>Cooter</u> merely confirmed the power of district courts to consider Rule 11 sanctions even if the plaintiff voluntarily terminates the underlying litigation (a holding superseded by the addition of the 21-day safe harbor period in the 1993 amendments to Rule 11).  Such a holding does not speak to the question that was before the Court: may the Court decide declaratory judgment claims over which it otherwise lack jurisdiction just to decide whether a case might be "exceptional" under Section 285.  <u>Cooter</u> comes nowhere near addressing this question.

Indeed, the Supreme Court made it clear in <u>Cooter</u> that the act of violating Rule 11 happens during litigation, e.g., by signing frivolous pleadings. 496 U.S. at 398.  A court naturally retains the power to decide if an attorney's conduct was inappropriate at any stage of a case.  In contrast here, Sharp seeks to turn the spotlight on conduct occurring before this litigation ever existed.  Hence, the policies served by Rule 11 according to <u>Cooter</u> are not in play.  A decision to award fees under Section 285 based on inequitable conduct would not relate to

the Court's ability to police the conduct of attorneys admitted to practice before it.

## VII.   THE SUPREME COURT HAS REJECTED SHARP'S ARGUMENT THAT ITS CLAIM FOR ATTORNEY FEES CONFERS JURISDICTION

As yet another alternative argument, Sharp bewails the "significant discovery" it claims to have taken on the issue of inequitable conduct as a reason to reconsider the Court's Ruling.  But, the Supreme Court explicitly rejected Sharp's argument in its 1998 Steel Company decision:

> Obviously, however, a plaintiff cannot achieve standing to litigate a substantive issue by bringing suit for the cost of bringing suit. ... An "interest in attorney's fees is ... insufficient to create an Article III case or controversy where none exists on the merits of the underlying claim."
>
> *Lewis v. Continental Bank Corp., 494 U.S. at 480* (citing *Diamond v. Charles, 476 U.S. 54, 70-71, 90 L. Ed. 2d 48, 106 S. Ct. 1697 (1986))*.

Steel Company, 523 U.S. at 107.  In Steel Company (just as in this case), a statutory provision authorized attorney fees in certain instances.  Id.  But that provision (Section 326(f) of EPCRA; 42 U.S.C. §11046(f)) did not confer subject matter jurisdiction in Steel Company – so 35 U.S.C. §285 cannot do so in this case.

Sharp ignores Steel Company -- and no wonder.  In that case, the Supreme Court held that a party's decision to incur attorney fees cannot be used to decide the threshold question of whether there is jurisdiction for Sharp to seek such fees. Here, this Court correctly concluded there is no such jurisdiction; Sharp's attempt to

bootstrap itself into court by means of an attorney fee claim is contrary to controlling Supreme Court precedent.

## VIII.    SHARP'S "NO-WAIVER" ARGUMENT IS A RED HERRING

In its fourth alternative argument, Sharp suggests the Court's Ruling was based on an incorrect finding that Sharp "waived or forfeited its attorney's fee claim based upon inequitable conduct." (Sharp Br. 6). That is not true. The Court's Ruling was not based on waiver or forfeiture (though there was such a waiver), but rather on the fact the patent is expired and adjudged non-infringed in a no-longer-appealable final judgment. These are the facts that led to the ruling of no subject matter jurisdiction. Sharp may wish to argue it did not **intend** to waive or forfeit the use of inequitable conduct as a basis for attorneys fees. But Sharp's intent is irrelevant, and not part of the Court's reasoning in any case.

Even if Sharp's intent were relevant, Sharp should have foreseen that certain defenses would became moot after appeal. Sharp never objected to or appealed from the procedural events that created that possibility. The Order of Stay Pending Appeal dated September 26, 2003 (Dkt. # 452) established two possible outcomes from the appeal. If Soundview's appeal were granted, the case would have returned to this Court with every defense, and every arguable claim for attorney-fees, still live and justiciable. But since Soundview's appeal was rejected, the case returned to this Court fully adjudicated.

## IX.    THE COURT WAS RIGHT ABOUT *BUILDEX*

Finally, Sharp cites Buildex Inc. v. Kason Industries, Inc., 849 F.2d 1461, 1466 (Fed. Cir. 1988), a decision the Court's Ruling already distinguished.  (Notably, since Sharp therefore cannot show that this Court "overlooked" Buildex, Sharp's arguments about that case are not a proper basis for a motion for consideration anyway.  Seaford, 2004 U.S. Dist. LEXIS1688, *2; Wood, 2004 U.S. Dist. LEXIS 25438, * 2.)

Sharp contends Buildex requires the Court to consider inequitable conduct, even if moot.  The Court's Ruling (which Sharp simply disregards) explains why Sharp is wrong:

> Importantly, however, the [Buildex] district court had earlier considered, and rejected, the inequitable conduct counterclaim, and the inequitable conduct claim was based on substantially the same set of facts as the invalidity counterclaim on which the district court had granted summary judgment and the Federal Circuit reversed.  Thus, not only was the district court's original jurisdiction not in question, but an award of attorneys fees based on inequitable conduct would directly relate to the already-litigated subject matter.

(Ruling, at 7).  Sharp does not even try to show the Court read Buildex wrong.

## X.    THREE LEVELS OF DISCRETION ALSO SUPPORT THE COURT'S RULING

While the Court based its Ruling on the legal issue of subject matter jurisdiction, the Court's exercise of discretion supports the Ruling as well.  In fact, the law provides the Court with discretion at three different levels.

First, the statutory basis for Sharp's "counterclaims" is the Declaratory Judgment Act, 28 U.S.C. §2201.  The Court always has discretion to decline to hear a declaratory judgment claim. Cygnus Therapeutics Systems v. Ala Corp., 92 F.3d

13

1153, 1159 (Fed. Cir. 1996), overruled on other grounds by <u>Nobelpharma</u> v. <u>Implant Innovations</u>, 141 F.3d 1059 (Fed. Cir. 1998). Two good reasons not to hear Sharp's request for a declaratory judgment are (1) that the inequitable conduct issue is moot and the public has no interest in invalidating an expired patent, and (2) even if Sharp could prevail, Sharp should not be awarded attorneys fees for litigation of its own manufacture. See <u>Steel Company</u>, 523 U.S. at 107. Hence, exercise of discretion under the Declaratory Judgment Act supports the Court's Ruling.

Second, the "inequitable conduct" decision itself is (as the name suggests) an equitable one. In general, any finding of materiality and intent to deceive operate as predicates for the Court's equitable discretion; the Court may, but need not, act on those predicates to issue a ruling of "inequitable conduct." <u>ATD Corp.</u> v. <u>Lydall, Inc.</u>, 159 F.3d 534, 546-47 (Fed. Cir. 1998) (affirming grant of summary judgment of no inequitable conduct). Acting in equity, the Court may find sufficient reasons to decline the equitable defense even if materiality and intent to deceive could be proved. <u>Id.</u> Hence, the Court's Ruling may find support in the fact that even if Sharp prevailed on every predicate fact of the defense, the Court would have discretion not to find "inequitable conduct."

Finally, the ultimate decision to find a case "exceptional" under Section 285, and then to award fees, also rests with the Court's discretion. Even if (1) the Court found there was subject matter jurisdiction, (2) the Court entertained Section 285 as a declaratory judgment claim, and (3) the Court found inequitable conduct, the

Court would still retain discretion to deny an award of attorneys fees under Section 285. "It is only after a specific finding of exceptional circumstances has been made that the discretion to award attorneys' fees can be exercised." <u>J.P. Stevens Co.</u> v. <u>Lex Tex Ltd., Inc.</u>, 822 F.2d 1047, 1050-51 (Fed. Cir. 1987)

In addition to those reasons given above in the context of the Court's declaratory judgment discretion, there is another good reason why the Court would act within its proper discretion not to award fees under Section 285 based on inequitable conduct: Sharp's underlying "inequitable conduct" defense is incredibly weak. Indeed, Sharp's own proposed Findings of Fact and Conclusions of Law (attached to its Amended Motion to Reconsider) bear this out. Sharp's proposed findings *drop* four out of five of the theories Sharp originally presented. Dropped theories include:

- the previous contention the Campbell reference was "buried" with intent to deceive;

- the previous contention the "Resolution" was prior art deceptively withheld from the Patent Office;

- the previous contention the "Petition" was prior art deceptively withheld from the Patent Office;

- the previous contention that the applicants made false arguments to distinguish the Keiser prior art.

Sharp's waivers show Soundview's motion for summary judgment of no inequitable conduct was meritorious. Even the last remaining theory was still subject to Soundview's summary judgment motion. In the unlikely event the Court denied

that last remaining aspect of Soundview's summary judgment request, at a minimum, Sharp's voluntary waiver of 80% of the defense shows the Court would be within its discretion to deny a Section 285 fee award predicated on alleged inequitable conduct.

Also important is the fact that Sharp's proposed Findings of Fact and Conclusions of Law reveal Sharp intended to present only a paper record — depositions and documents — during its "trial" on inequitable conduct. (Given the severity of the allegations, Soundview intended to call those same witnesses live to let the Court view their demeanor and judge their credibility). A paper trial? What is the purpose of that? If the paper record were truly all Sharp needed to prove inequitable conduct, exceptional case status and entitlement to attorneys fees, then why did Sharp fail to make those arguments in its December 8, 2004 filings (the deadline for all fee motions)? It had all the papers then. Instead, Sharp made it appear as if it wanted a real trial (an arguably valid reason for missing the December 8 deadline). But now it is clear that all it ever really wanted was the chance to file a very-late second attorney fee request using materials it already had in-hand on December 8, using the "trial" as an excuse for its tardiness.

Sharp's shifting theories and questionable tactics are not the conduct of a party deserving an award of attorneys fees, and the Court would be well within its discretion to deny them for any of these reasons.

XI.    **CONCLUSION**

The Court's Ruling was correct; it contains no "clear error of law" entitling Sharp to reconsideration. As for Sharp's newest arguments, the <u>Steel Co.</u> case shows that Section 285 cannot supply jurisdiction where it is otherwise absent. Claimants cannot "litigate a substantive issue by bringing suit for the cost of bringing suit. ... An 'interest in attorney's fees is ... insufficient to create an Article III case or controversy where none exists on the merits of the underlying claim.'" <u>Steel Company</u>, 523 U.S. at 107 (citation omitted).

Respectfully submitted,
SOUNDVIEW TECHNOLOGIES, INC.


_____/s/ David S. Monastersky_____
John J. Bogdanski (ct06217)
David S. Monastersky (ct13319)
HOWD & LUDORF
65 Wethersfield Avenue
Hartford, Connecticut 06114
(860) 249-1361
Fax: (860) 522-9549

Raymond P. Niro (ct18107)
John C. Janka (ct20463)
Robert P. Greenspoon (ct21736)
Paul C. Gibbons (ct18826)
NIRO, SCAVONE, HALLER & NIRO
181 West Madison Street, Suite 4600
Chicago, Illinois 60602
Phone: (312) 236-0733

Attorneys for Soundview Technologies, Inc.

<u>CERTIFICATE OF SERVICE</u>

The undersigned counsel of record hereby certifies that a copy of the foregoing **SOUNDVIEW'S OPPOSITION TO SHARP'S MOTION TO RECONSIDER** was served upon lead counsel for the below listed parties by facsimile and first class mail (on all lead patent counsel) on March 29, 2005:

_____/s/ David S. Monastersky_____
David S. Monastersky

<u>SERVICE LIST</u>

| Counsel for Consumer Electronics Association | |
|---|---|
| <u>Counsel</u> | <u>Local Counsel</u> |
| Peter J. Kadzik<br>R. Bruce Holcomb<br>Gary Hoffman<br>Kenneth W. Brothers<br>Jorge Kotelanski<br>Dickstein Shapiro Morin & Oshinsky<br>2101 L Street, N.W.<br>Washington, D.C.  20037<br>Tel:  202-785-9700<br>Fax: 202-887-0689<br><br>Tel: 202-775-4704 (Kadzik)<br>kadzik@dsmo.com<br><br>Tel: 202-828-2242 (Holcomb)<br>hoffman@dsmo.com | <u>Connecticut</u><br>Jacqueline D. Bucar<br>Ben Solnit<br>Tim Jensen<br>Peter Sachner<br>Tyler Cooper & Alcorn<br>205 Church Street<br>New Haven, Connecticut 06509-1910<br>Tel: 203-784-8200<br>Fax: 203-865-7865<br>bucar@tylercooper.com<br><br>Tel: 203-784-8205 (Solnit)<br>solnit@tylercooper.com<br><br>Tel: 203-784-8228 (Jensen)<br>jensen@tylercooper.com<br><br>Tel: 203-784-8240 (Sachner)<br>sachner@tylercooper.com |
| Counsel for Mitsubishi Digital Electronics America | |
| <u>Counsel</u> | <u>Local Counsel</u> |
| <u>Patent Infringement</u><br>Vincent J.  Belusko<br>Eric Shih<br>Robert S.  McArthur<br>Morrison & Foerster LLP | <u>Connecticut</u><br>Joseph L. Clasen<br>James M. Ruel<br>David J. Burke<br>Robinson & Cole LLP |

| 555 West Fifth Street<br>Los Angeles, California 90013-1024<br>Tel:    213-892-5200<br>Fax:    213-892-5454 | 695 East Main Street<br>P.O. Box 10305<br>Stamford, CT 06901<br>Tel:    203-462-7510<br>Fax:    203-461-7599 |
|---|---|
| **Counsel for Sharp Electronics Corporation** | |
| <u>Counsel</u> | <u>Local Counsel</u> |
| Robert W.  Adams<br>U.S. Mickey Gill<br>Nixon & Vanderhye, PC<br>1100 North Glebe Road, 8th Floor<br>Arlington, VA  22201-4714<br>Tel:    703-816-4000<br>Fax:    703-816-4100<br>email: <u>rwa@nixonvan.com</u> (Adams) | <u>Connecticut</u><br>William M.  Bloss<br>Alinor C.  Sterling<br>Jacobs, Grudberg, Belt & Dow PC<br>350 Orange Street<br>New Haven, CT  06511<br>Tel:    203-772-3100 (x 271)<br>Fax:    203-772-1691<br>email: <u>bbloss@jacobslaw.com</u> |
| **Counsel for Toshiba America Consumer Products, Inc.** | |
| <u>Counsel</u> | <u>Local Counsel</u> |
| Larry S.  Nixon<br>Michael Shea<br>Jeff Nelson<br>Nixon & Vanderhye, PC<br>1100 North Glebe Road<br>Arlington, VA  22201-4714<br>Tel:  703-816-4000<br>Fax:  703-816-4100<br><u>lsn@nixonvan.com</u> | <u>Connecticut</u><br>William M.  Bloss<br>Alinor C.  Sterling<br>Jacobs, Grudberg, Belt & Dow, P.C.<br>350 Orange Street., P.O. Box 606<br>New Haven, Connecticut 06503<br>Tel: 203-772-3100<br>Fax: 203-772-1691 |
| **Counsel for Sony Electronics, Inc.  and Sony Corporation of America** | |
| <u>IP</u><br>Richard I.  Delucia<br>Richard Gresalfi<br>Elizabeth Gardner<br>Alex D.  Skucas<br>Jeffrey S.  Gerchuck<br>Thomas R. Makin<br>Kenyon & Kenyon LLP<br>One Broadway<br>New York, New York 10004<br>Tel:    212-425-7200 | |

Fax:   212-425-5288
rdelucia@kenyon.com
egardner@kenyon.com

Antitrust
Richard M.  Steuer
Mayer, Brown, Rowe & Maw LLP
1675 Broadway
New York, NY  10019-5820
Tel:  212-506-2500
Fax:  212-262-1910
rsteuer@mayerbrown.com

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| SONY ELECTRONICS, INC. | : | CIV. NO.: 3:00cv754 (JBA) |
| CONSUMER ELECTRONICS ASSN. | : | LEAD CASE |
| ELECTRONIC INDUSTRIES ALLIANCE | : | |
|     Plaintiffs | : | CIV. NO. 3:00cv00768 (JBA) |
| vs. | : | MEMBER CASE |
| | : | |
| SOUNDVIEW TECH, INC. | : | |
|     Defendant | : | |

-------------------------------------------------------

| | | |
|---|---|---|
| SOUNDVIEW TECH, INC. | : | |
|     Third-Party Plaintiff | : | |
| | : | |
| vs. | : | |
| | : | |
| SONY CORPORATION OF AMERICA, | : | AUGUST 30, 2000 |
| ET AL. | : | |

-------------------------------------------------------

**ANSWER AND COUNTERCLAIM OF COUNTERCLAIM/THIRD PARTY
DEFENDANT, SHARP ELECTRONICS CORPORATION,
TO AMENDED COUNTERCLAIM AND THIRD-PARTY CLAIMS RE 768 CASE**

    Third party defendant, Sharp Electronics Corporation (hereafter Sharp), hereby answers the amended third party complaint allegations of defendant/third party plaintiff, Soundview Technologies et al. (hereafter Soundview), as follows. To the extent any allegation is not specifically and completely admitted, it shall be deemed to be denied.

    In this connection and as pleaded in the affirmative defenses, Sharp affirmatively states that Counts I, II and IV of Soundview's counterclaims fail to state a claim upon which relief may be granted. These Counts will be the subject of a Rule 12(b)(6) motion by one or more of plaintiffs and counterclaim defendants. Sharp reserves the right to join in such a motion and this Answer does not waive its right to do so.

    In addition, Sharp hereby advises that it has sought permission to file a summary judgment motion with respect to its implied license affirmative defense.

**EXHIBIT**

A

unscrupulous.

<u>Answer:</u> Denied.

84.    Counterclaim and third-party defendants' acts in connection with trade and commercial as related in paragraphs 1-79, above, cause substantial injury to consumers, competitors and other business people.

<u>Answer:</u> Denied. Sharp objects to the use of the term "commercial" as being vague, ambiguous and unintelligible.

85.    Counterclaim and third-party defendants' acts in connection with trade and commerce as related in paragraphs 1-79, above, have caused SOUNDVIEW an ascertainable loss of money or property, real or personal, as a result of the use or employment of a method, act or practice, prohibited by the Connecticut Unfair Trade Practices Act (CUTPA), Connecticut General Statutes § 42-110a et seq., as described in this Count.

<u>Answer:</u> Denied.

## AFFIRMATIVE DEFENSES

Sharp hereby asserts the following affirmative defenses with respect to the allegations of the Complaint:

### First Affirmative Defense

86. As and for a first affirmative defense, the Complaint fails to state a claim upon which relief may be granted and/or any cause of action under which Soundview is entitled to any relief against Sharp.

### Second Affirmative Defense

87. As and for a second affirmative defense, Sharp has not infringed, actively induced or contributed to the infringement of any claim of the '584 patent.

### Third Affirmative Defense

88. As and for a third affirmative defense, Soundview is estopped from asserting or construing the asserted claims of the '584 patent so as to cover Sharp's products by virtue of the file history of those patents and/or the prior art.

## Fourth Affirmative Defense

89. As and for a fourth affirmative defense, the claims of the '584 patent are invalid (under at least 35 U.S.C. §§ 102, 103 and/or 112) and/or unenforceable with respect to Sharp's products.

## Fifth Affirmative Defense

90. As and for a fifth affirmative defense, enforcement of and/or the award of monetary damages with respect to the '584 patent are precluded by an implied license that Sharp received from the U.S. government with respect to the '584 patent by virtue of, *inter alia*, (a) the royalty-free license with the right to sublicense granted by the '584 inventors to the U.S. government, (b) the legislative history and mandate of The Telecommunications Act of 1996 and/or (c) the rules promulgated by the FCC and/or Soundview's failure to advise the FCC of its patent rights and the government license.

## Sixth Affirmative Defense

91. As and for a sixth affirmative defense, Soundview's recovery of costs is limited by 35 U.S.C. §288.

## Seventh Affirmative Defense

92. As and for a seventh affirmative defense, Sharp has not violated the antitrust laws of the United States. For example, Sharp has not engaged in a group boycott or a price fixing conspiracy. Rather, Sharp has acted lawfully and independently with respect to Soundview's unfounded claim of patent infringement.

## Eighth Affirmative Defense

93. As and for an eighth affirmative defense, Sharp's independent actions with respect to its attendance at industry meetings are not actionable under the antitrust or Connecticut unfair competition statutes.

33

## Ninth Affirmative Defense

94. As and for a ninth affirmative defense, the independent refusal to take a license under a patent where no license is needed is not a violation of the antitrust or Connecticut unfair competition laws.

## Tenth Affirmative Defense

95. As and for a tenth affirmative defense, Soundview's third party counterclaim fails to state any factual basis for any group or conspiracy allegations with respect to Sharp.

## Eleventh Affirmative Defense

96. As and for an eleventh affirmative defense, Soundview's claim for the recovery of antitrust and/or unfair competition damages are barred by its claim for the recovery of patent infringement damages. In short, the antitrust and unfair competition monetary demands are merely a restatement of the monetary demands concerning the patent infringement claim.

## Twelfth Affirmative Defense

97. As an alternative defense, Sharp does not manufacture any V-Chips but merely purchases them from others. As a result, Sharp may be indemnified by the companies that manufacture the V-Chips that it has used.

## COUNTERCLAIM

98. Sharp brings this declaratory judgment counterclaim pursuant to 28 U.S.C. §2201 et seq. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§1331, 1338 and 1367. Venue resides in this district pursuant to 28 U.S.C. §1391.

99. Paragraphs 86-90 are specifically incorporated herein as if repeated as a part of this Counterclaim.

100. Sharp has not infringed any claim of the '584 patent.

101. The claims of the '584 patent are invalid (under at least 35 U.S.C. §§ 102, 103 and/or 112) with respect to Sharp's products.

102. The claims of '584 patents are not enforceable with respect to Sharp's products.

WHEREFORE, Sharp seeks the following relief and judgment:

34

A. That the Complaint be dismissed with prejudice;

B. That the Court declare that the asserted claims of the patents in suit are invalid, not infringed and/or unenforceable with respect to Sharp's products;

C. That the Court determine this is an "exceptional case" under 35 U.S.C. §285 and award Sharp its reasonable attorneys' fees;

D. That the Court award Sharp its costs; and

E. That the Court award such further and other relief as it deems proper.

Respectfully submitted,

By: _____

William M. Bloss, Esq.(CT 01008)
Alinor C. Sterling, Esq. (CT 17207)
Jacobs, Grudberg, Belt & Dow, P.C.
350 Orange Street
New Haven, Connecticut   06503-0606
Attorneys for Sharp Electronics Corporation

OF COUNSEL:

Robert W. Adams, Esq.
Updeep S. Gill, Esq.
Nixon & Vanderhye P.C.
1100 N. Glebe Road, 8th Floor
Arlington, Virginia  22201

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| SONY ELECTRONICS, INC. | : | CIV. NO.: 3:00cv754 (JBA) |
| CONSUMER ELECTRONICS ASSN. | : | LEAD CASE |
| ELECTRONIC INDUSTRIES ALLIANCE | : | |
| Plaintiffs | : | CIV. NO. 3:00cv00768 (JBA) |
| vs. | : | MEMBER CASE |
| | : | |
| SOUNDVIEW TECH, INC. | : | |
| Defendant | : | |
| ----------------------------------------------- | | |
| SOUNDVIEW TECH, INC. | : | |
| Third-Party Plaintiff | : | |
| | : | |
| vs. | : | |
| | : | |
| SONY CORPORATION OF AMERICA, | : | AUGUST 30, 2000 |
| ET AL. | : | |
| ----------------------------------------------- | | |

**ANSWER AND COUNTERCLAIM OF COUNTERCLAIM/THIRD PARTY
DEFENDANT, SHARP ELECTRONICS CORPORATION,
TO AMENDED COUNTERCLAIMS RE 754 CASE**

Third party defendant, Sharp Electronics Corporation (hereafter Sharp), hereby answers the amended third party complaint allegations of defendant/third party plaintiff, Soundview Technologies et al. (hereafter Soundview), as follows. To the extent any allegation is not specifically and completely admitted, it shall be deemed to be denied.

In this connection and as pleaded in the affirmative defenses, Sharp affirmatively states that Counts I, II and IV of Soundview's counterclaims fail to state a claim upon which relief may be granted. These Counts will be the subject of a Rule 12(b)(6) motion by one or more of plaintiffs and counterclaim defendants. Sharp reserves the right to join in such a motion and this Answer does not waive its right to do so.

In addition, Sharp hereby advises that it has sought permission to file a summary judgment motion with respect to its implied license affirmative defense.

paragraphs 1-78, above, have caused SOUNDVIEW an ascertainable loss of money or property, real or personal, as a result of the use or employment of a method, act or practice, prohibited by the Connecticut Unfair Trade Practices Act (CUTPA), Connecticut General Statutes § 42-110a, et seq., as described in this Count.

**Answer:** Denied.

**AFFIRMATIVE DEFENSES**

Sharp hereby asserts the following affirmative defenses with respect to the allegations of the Complaint:

**First Affirmative Defense**

85. As and for a first affirmative defense, the Complaint fails to state a claim upon which relief may be granted and/or any cause of action under which Soundview is entitled to any relief against Sharp.

**Second Affirmative Defense**

86. As and for a second affirmative defense, Sharp has not infringed, actively induced or contributed to the infringement of any claim of the '584 patent.

**Third Affirmative Defense**

87. As and for a third affirmative defense, Soundview is estopped from asserting or construing the asserted claims of the '584 patent so as to cover Sharp's products by virtue of the file history of those patents and/or the prior art.

**Fourth Affirmative Defense**

88. As and for a fourth affirmative defense, the claims of the '584 patent are invalid (under at least 35 U.S.C. §§ 102, 103 and/or 112) and/or unenforceable with respect to Sharp's products.

**Fifth Affirmative Defense**

89. As and for a fifth affirmative defense, enforcement of and/or the award of monetary damages with respect to the '584 patent are precluded by an implied license that Sharp received from the U.S. government with respect to the '584 patent by virtue of, *inter alia*, (a) the royalty-

free license with the right to sublicense granted by the '584 inventors to the U.S. government, (b)

the legislative history and mandate of The Telecommunications Act of 1996 and/or (c) the rules

promulgated by the FCC and/or Soundview's failure to advise the FCC of its patent rights and

the government license.

## Sixth Affirmative Defense

90.  As and for a sixth affirmative defense, Soundview's recovery of costs is limited by

35 U.S.C. §288.

## Seventh Affirmative Defense

91.  As and for a seventh affirmative defense, Sharp has not violated the antitrust laws of

the United States.  For example, Sharp has not engaged in a group boycott or a price fixing

conspiracy.  Rather, Sharp has acted lawfully and independently with respect to Soundview's

unfounded claim of patent infringement.

## Eighth Affirmative Defense

92.  As and for an eighth affirmative defense, Sharp's independent actions with respect to

its attendance at industry meetings are not actionable under the antitrust or Connecticut unfair

competition statutes.

## Ninth Affirmative Defense

93.  As and for a ninth affirmative defense, the independent refusal to take a license under

a patent where no license is needed is not a violation of the antitrust or Connecticut unfair

competition laws.

## Tenth Affirmative Defense

94.  As and for a tenth affirmative defense, Soundview's third party counterclaim fails to

state any factual basis for any group or conspiracy allegations with respect to Sharp.

## Eleventh Affirmative Defense

95.  As and for an eleventh affirmative defense, Soundview's claim for the recovery of

antitrust and/or unfair competition damages are barred by its claim for the recovery of patent

infringement damages. In short, the antitrust and unfair competition monetary demands are merely a restatement of the monetary demands concerning the patent infringement claim.

**Twelfth Affirmative Defense**

96.  As an alternative defense, Sharp does not manufacture any V-Chips but merely purchases them from others. As a result, Sharp may be indemnified by the companies that manufacture the V-Chips that it has used.

## COUNTERCLAIM

97.  Sharp brings this declaratory judgment counterclaim pursuant to 28 U.S.C. §2201 et seq. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§1331, 1338 and 1367. Venue resides in this district pursuant to 28 U.S.C. §1391.

98.  Paragraphs 85-89 are specifically incorporated herein as if repeated as a part of this Counterclaim.

99.  Sharp has not infringed any claim of the '584 patent.

100.  The claims of the '584 patent are invalid (under at least 35 U.S.C. §§ 102, 103 and/or 112) with respect to Sharp's products.

101.  The claims of '584 patents are not enforceable with respect to Sharp's products.

WHEREFORE, Sharp seeks the following relief and judgment:

A. That the Complaint be dismissed with prejudice;

B. That the Court declare that the asserted claims of the patents in suit are invalid, not infringed and/or unenforceable with respect to Sharp's products;

C. That the Court determine this is an "exceptional case" under 35 U.S.C. §285 and award Sharp its reasonable attorneys' fees;

D. That the Court award Sharp its costs; and

E. That the Court award such further and other relief as it deems proper.

Respectfully submitted,

By: _____
    William M. Bloss, Esq.(CT 01008)
    Alinor C. Sterling, Esq. (CT 17207)
    Jacobs, Grudberg, Belt & Dow, P.C.
    350 Orange Street
    New Haven, Connecticut  06503-0606
    Attorneys for Sharp Electronics Corporation

OF COUNSEL:

Robert W. Adams, Esq.
Updeep S. Gill, Esq.
Nixon & Vanderhye P.C.
1100 N. Glebe Road, 8th Floor
Arlington, Virginia  22201