UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| SONY ELECTRONICS, INC., et al.            ) | |
|                                                  Plaintiffs,       ) | |
|                          v.                                  ) | **LEAD DOCKET NO.** |
|                                                     ) | **3:00-CV-00754 (JBA)** |
|                                                     ) | **U.S.D.C./New Haven** |
| SOUNDVIEW TECHNOLOGIES, INC., et al.    ) | |
|                                                    ) | **ALL CASES** |
|                                       Defendant     ) | |
|                                                    ) | **April 12, 2005** |

**REPLY IN SUPPORT OF MOTION FOR RECONSIDERATION OF "RULING ON
SOUNDVIEW'S MOTION TO DISMISS ALL PENDING COUNTERCLAIMS
OF THE NON-SOUNDVIEW PARTIES [DOC. # 476]"**

      It is quite telling that Soundview's opposition brief is about twice as long as Sharp's brief in support of its motion for reconsideration. Obviously, Sharp's motion raises extremely serious issues of law that require consideration by this Court.[1]

      <u>First</u>, at pages 1-2, 11 and elsewhere, Soundview argues that the Supreme Court's decision in *Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83 (1998) is controlling in this case. However, an examination of the facts in *Steel Co.* establishes that it is not relevant here.

      In *Steel Co.*, the party seeking attorneys fees had not been sued and forced to defend itself. Rather, that party attempted to use a request for attorneys fees to begin the

908986

litigation.

By way of contrast, here, Soundview brought suit against Sharp and others with full knowledge of the weakness of its infringement allegations and of its inequitable conduct in filing a false Section 131 declaration to overcome cited prior art. As defenses to this case, Sharp pled non-infringement, invalidity and inequitable conduct (and other defenses). Sharp also expressly made a separate Section 285 attorneys fees claim.

Thus, Sharp is seeking the attorneys fees that it had to expend <u>to defend itself in this case</u>. Sharp did not initiate the lawsuit with Soundview or "manufacture" the lawsuit as alleged by Soundview on page 14 of its opposition. Consequently, the *Steel Co.* decision is not relevant.[2]

<u>Second</u>, Soundview improperly continues (*e.g.*, at pages 13-14) to equate the inequitable conduct claim/defense of Sharp with its separate and distinct Section 285 claim for attorneys fees. These are two different issues.

This is most clearly shown by the controlling decisions of the Federal Circuit in *H.R. Technologies, Inc. v. Astechnologies, Inc.*, 275 F.3d 1378, 1386 (Fed. Cir. 2002) (the dismissal of the patent owner's complaint did not remove the federal court's jurisdiction with respect to the alleged infringer's Section 285 claim for attorneys fees); *Hunter*

---

[1] This reply brief will only rebut those arguments by Soundview that are not fully addressed in Sharp's main brief.

908986

*Douglas, Inc. v. Harmonic Design, Inc.*, 153 F.3d 1318, 1330 (Fed. Cir. 1998) (the Court stated that separate, independent jurisdiction exists under federal patent law for infringement, validity and attorneys fees under Section 285 issues) and *Imagineering, Inc. v. Van Klassens, Inc.*, 53 F.3d 1260, 1263 (Fed. Cir. 1995), where section 285 claims (a) were recognized as having a separate jurisdictional basis from validity or infringement issues and (b) were not mooted by decisions or dismissals relating to invalidity or non-infringement.

The Federal Circuit decision in *Imagineering* is believed to be most pertinent. There, before trial the patent owner dropped its claim for design patent infringement and the court dismissed the alleged infringer's declaratory judgment counterclaim of invalidity and non-infringement. *Imagineering*, 53 F.3d at 1262. Nevertheless, the Federal Circuit held that the alleged infringer's Section 285 claim remained in the case. This decision confirms that (1) a Section 285 request is a separate claim and that (2) the dismissal of counterclaims for non-infringement or invalidity does not moot the Section 285 claim.[3]

---

[2] Soundview's reliance (page 2) on *Ex parte McCardle*, 74 U.S. (Wall.) 506 (1868), is even less relevant because the legislature expressly repealed jurisdiction in cases of *habeas corpus*.

[3] At pages 7-8, Soundview contends that its prior citation to and reliance on *SVG Lithography Systems, Inc. v. Ultratech Stepper, Inc.*, 334 F.Supp.2d 21 (D. Mass. 2004) is pertinent. However, the district court in *SVG* did not cite any of the controlling Federal Circuit decisions in *H.R. Technologies, Hunter Douglas* or *Imagineering*. Rather, it merely cited to *Hudson v. Principi*, 260 F.3d 1357, 1360 (Fed. Cir. 2001), which involved a non-patent attorneys fee statute that expressly stated that attorneys fees cannot be awarded where the court does not have jurisdiction. In other words, there is no evidence

Furthermore, the Supreme Court decision in *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 395-96 (1990), establishes that motions for attorney's fees are independent proceedings that are supplemental to the original case and not a modification of that case. As a result, "even years later" a federal court may consider an award of attorney's fees. *Id*. at 395.

Also, contrary to Soundview's arguments at page 10, the language in *Cooter* should not be strictly limited to Rule 11 cases. Indeed, the cases cited in this section of the *Cooter* decision (such as the prior Supreme Court decisions in *White* and *Sprague* that are cited in *Cooter*) relate to attorneys fees requests, and <u>not</u> Rule 11 requests. Thus, contrary to Soundview's argument at page 10, *Cooter* is highly relevant to Sharp's Section 285 attorneys fee request in this case.

Moreover, the rationale in *Cooter* (and the cases it cites) is exactly the type of authority that should invoke a reconsideration of this Court's ruling of March 7, 2005. *Cooter* demonstrates that a decision on attorneys fees is separate and distinct from a decision on inequitable conduct so that, whether or not a court has jurisdiction over the inequitable conduct claim, the court has jurisdiction with respect to all aspects of a claim for attorneys fees. Supreme Court decisions and Federal Circuit decisions on this issue should not be lightly dismissed.

---

that the *SVG* district court even considered the controlling Section 285 cases. Moreover, a Massachusetts district court decision does not change the controlling case law of the

Third, although Soundview attempts to gloss over the matter (page 9), the undisputed fact is that Sharp made a specific claim under Section 285 in its answer and throughout this litigation. Significantly, Soundview provides no citation to any time or place where Sharp limited its Section 285 claim to just bad faith litigation.

Indeed, contrary to Soundview's contention (pages 8-9) that Sharp never made an inequitable conduct claim, this argument is belied by at least three undisputed facts:

a) During the deposition of Mr. Elam, Soundview made a similar argument in objecting to a line of questioning to the inventor – i.e., that no non-Soundview party had made an allegation of inequitable conduct. In response, Sharp's counsel pointed out that Sharp had made inequitable conduct (unenforceability) allegations and Soundview's counsel admitted on the record that he "stand[s] corrected on the status of Sharp's pleadings." [Elam depos., at 294-95, Attachment 2, hereto]

b) Soundview conceded that Sharp's inequitable conduct was a part of this case by filing a motion for summary judgment against the all of the non-Soundview parties in a failed effort to dismiss their arguments. [Dkt. 377]

c) In its Order of Stay Pending Appeal and its Partial Judgment, this Court recognized that Sharp had both a Section 285 claim and an inequitable conduct assertion. [Dkt. 452 and 453]

These three undisputed facts completely undermine Soundview's assertion that

---

Federal Circuit and it is not binding on this Court.

Sharp did not make any inequitable conduct assertions for which it can rely in its Section 285 claim.

Fourth, at pages 5-6, Soundview appears to argue that this Court held that Section 285 limits an award of attorneys fees <u>only to those issues on which Sharp prevailed</u>.[4] Significantly, the statute does not say that the court "may award reasonable attorneys fees with respect to issues on which a party prevails."

Instead, the Section 285 states that "the court in exceptional cases may award reasonable attorneys fees to the prevailing party." Soundview's argument is an effort to rewrite Section 285.

Likewise, at page 13-15, Soundview attempts to rewrite the language of Section 285 by claiming that the Court has <u>discretionary jurisdiction</u> as to Section 285 claims. To the contrary, the statute gives this Court discretion as to whether or not to award attorneys fees and their amount. It does not provide that this Court has discretion as to whether jurisdiction exists. Significantly, Soundview relies upon the Declaratory Judgment Act (28 U.S.C. §2201) for its argument that 35 U.S.C. §285 is limited in the same way. However, it fails to cite any legal authority for this point.[5]

---

[4] This Court made no such ruling. Rather, this Court held (improperly) that there was no jurisdiction for Sharp's Section 285 claim because its inequitable conduct claim was moot.
[5] Soundview's citation to *Buildex, Inc. v. Kason Industries, Inc.*, 849 F.2d 1461, 1466 (Fed. Cir. 1988) misses the point of the decision in that case. A careful reading of the decision shows that it was the attorneys fee request under Section 285 that caused the Federal Circuit to remand the case to the district court for a hearing on both inequitable

Fifth, contrary to the arguments of Soundview at page 15-16, Sharp did not waive or drop any of its inequitable conduct assertions. Had Sharp gone forward with the inequitable conduct defense, it would have relied upon all of them.

However, as indicated above, a Section 285 claim is separate from this inequitable conduct defense. Consequently, the fact that Sharp is relying upon one of those arguments for its attorneys fee claim does not constitute any waiver.

Rather, it establishes that Sharp focused its attorneys fee claim in an attempt to expedite the consideration of its Section 285 claim. If this Court agrees that the false 131 declaration constitutes inequitable conduct, then Soundview did not have the right to bring any lawsuit against Sharp so that Sharp is entitled to the recovery of all of its reasonable attorneys fees.[6]

Sixth, at page 16, Soundview makes the argument that Sharp is not entitled to a hearing on its Section 285 claim because it submitted a "paper record" in support of its claim. What Soundview has not told the Court is that it was Soundview who wanted to right to call at the hearing the witnesses listed by Sharp in its deposition testimony notification. Soundview was compelled call these persons as live witnesses in an effort to

---

conduct and attorneys fees. If there had been no attorneys fees request in that case, the inequitable conduct claim would have been "moot" in view of the invalidity of the patent. *Id*.

[6] Obviously, Soundview's argument (page 16) as to the amount of Sharp's attorneys fees is an issue to be considered when the Section 285 request is decided by the Court and not at this time.

908986

alter the prior testimony of these Soundview personnel which admitted inequitable conduct.

In other words, Soundview demanded that the right to re-question its own witnesses in an effort to rebut Sharp's Section 285 claim based upon inequitable conduct -- *i.e.*, Messrs. Elam and Leavy (the two inventors of the patent in suit), Mr. Schmidt (an officer of Soundview) and Mr. Yoches and Ms. Hines (two of the Soundview attorneys).

Thus, Soundview's attempt to argue that Sharp should have made a motion, rather than asking for a hearing, is misleading because Soundview demanded the right to call these witnesses live at trial to rebut their prior deposition testimony. Indeed, in late February 2005, counsel for Sharp asked Soundview if it would waive this right and Soundview said that it would not.

SHARP ELECTRONICS CORP.

By: _____
William M. Bloss,
Federal Bar No. ct01008
Koskoff Koskoff & Bieder, P.C.
350 Fairfield Avenue
Bridgeport, CT 06604
Tel: (203) 336-4421
FAX: (203) 368-3244

By:_____
Robert W. Adams
Updeep S. Gill
NIXON & VANDERHYE PC
1100 North Glebe Road. 8th Flr.
Arlington, VA 22201
(703) 816-4000

908986

## CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing has been mailed, postage prepaid, on this 12th day of April, 2005 to all counsel of record for the non-Soundview parties and that it served counsel for Soundview by FedEx:

Jacqueline D. Bucar, Esq.
Tyler Cooper & Alcorn
205 Church Street
P.O. Box 1936
New Haven, CT  06509-1910

Brian E. Moran, Esq.
Joseph L. Clasen, Esq.
Robison & Cole, LLP
695 East Main Street
P.O. Box 10305
Stamford, CT  06904-2305

Raymond Niro, Esq.    (VIA FEDEX)
Robert P. Greenspoon, Esq.
Niro Scavone Haller & Niro
181 West Madison Street, Suite 4600
Chicago, Illinois  60602

John J. Bogdanski, Esq.    (VIA FEDEX)
Howd & Ludorf
65 Wethersfield Avenue
Hartford, CT  06114

Peter J. Kadzik, Esq.
Dickstein Shapiro Morin & Oshinsky
3101 L Street NW
Washington, DC  20037

908986

Larry S. Nixon, Esq.
Nixon & Vanderhye P.C.
1100 North Glebe Road, 8th Floor
Arlington, Virginia  22201-4714

Vincent J. Belusko, Esq.
Morrison & Foerster
555 West Fifth Street
Suite 3500
Los Angeles, California  90013-1024

Richard Gresalfi, Esq.
Richard I. Delucia, Esq.
Elizabeth Gardner, Esq.
Kenyon & Kenyon LLP
One Broadway
New York, New York  10004

                                                                   _____
                                                                   William M. Bloss

908986