```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF CONNECTICUT
```

**Sony Electronics, Inc.,**        :
**et al.**                         :
                                   :         **Lead Docket**
**v.**                             :         **3:00cv754 (JBA)**
                                   :
**Soundview Technologies, Inc.**   :

<u>**Ruling on Motion for Reconsideration [Doc. # 496]**</u>

Sharp Electronics Corporation ("Sharp") moves for reconsideration of this Court's March 7, 2005 ruling granting Soundview's motion to dismiss all pending counterclaims for lack of subject matter jurisdiction. The motion is granted, and for the reasons discussed below, the Court declines upon reconsideration to change the substance of its earlier decision.

Sharp argues first that this Court erred in holding that 35 U.S.C. § 285, which allows a prevailing party in exceptional cases to obtain attorneys fees, is not an independent basis for jurisdiction. While the issue of whether Section 285 provides an independent basis for a district court's original jurisdiction has never been squarely presented to the Federal Circuit, several cases refer to exceptional case "counterclaims" as a basis of jurisdiction. For example, in <u>H.R. Technologies, Inc. v. Astechnologies, Inc</u>., 275 F.3d 1378, 1386 (Fed. Cir. 2002), the Federal Circuit reversed the district court's decision to dismiss Astechnologies' counterclaims after dismissing HRT's infringement complaint for lack of standing, finding that "[t]he standing

1

defect . . . had no effect on the remaining counterclaims."  The Federal Circuit reasoned that "[r]egardless of patent ownership, it was not improper for Astechnologies to assert that the counterclaims of unfair competition [under Lanham Act], tortious interference with business relations, and section 285 attorney fees against HRT.  Moreover, because two of those counterclaims were within the district court's federal question jurisdiction, the state law claim that was before the court based on supplemental jurisdiction did not have to be dismissed when the original complaint was dismissed."  Sharp interprets this reasoning as approval by the Federal Circuit that Section 285 is a separate basis for federal question jurisdiction.

In H.R. Technologies, however, the defendant sought Section 285 attorneys fees based on plaintiff's bad faith conduct in litigating the underlying patent infringement case, by, for example, refusing to provide any documents in discovery.  Thus, jurisdiction may properly be understood as being grounded in the underlying patent infringement litigation in which the defendant was the "prevailing party," as the plaintiff was found to lack standing.  The Federal Circuit did not address whether § 285 would provide an independent source of original jurisdiction if detached from the infringement suit.

Sharp also relies on Imagineering, Inc. v. Van Klassens, Inc., 53 F.3d 1260, 1263 (Fed. Cir. 1995), in which the Federal

2

Circuit considered its jurisdiction after Imagineering dropped its design patent infringement claim before trial and the trial court dismissed Van Klassens' declaratory judgment patent counterclaim.  After noting that it would have jurisdiction over the appeal "only if the case below included a claim arising under the Patent Act," the Federal Circuit, found that "a claim arising under patent law remained in the case.  Under 35 U.S.C. § 285, Van Klassens claimed attorney fees incurred in its defense against the patent.  Section 285 authorizes fee awards 'in exceptional cases.'  Since section 285 appears in title 35 and was enacted as part of United States patent law, the question whether a case is exceptional within the meaning of section 285 arises under the Patent Act."  Id.  Imagineering similarly may be distinguishable because the district court had initially decided the § 285 attorneys fees issue, which, as in H.R. Technologies, had been sought for plaintiff's bad faith in bringing its patent infringement claim, and there was no dispute as to the district court's original jurisdiction.  On appeal, the Federal Circuit merely reviewed the district court's finding that no bad faith had occurred justifying an award of attorneys fees.

Citing Imagineering, however, the Federal Circuit in Hunter Douglas, Inc. v. Haromonic Design, Inc., 153 F.3d 1318, 1330 (Fed. Cir. 1998) concluded that 35 U.S.C. § 285 attorneys fees was one of "four issues of federal patent law [that had been

held] substantial enough to satisfy the jurisdictional test" under 28 U.S.C. § 1338.  Section 1338 provides district courts with original jurisdiction of any civil action "arising under any Act of Congress relating to patents," which extends to "those cases in which a well-pleaded complaint establishes either that federal patent law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal patent law, in that patent law is a necessary element of one of the well-pleaded claims."  <u>Christianson v. Colt Industries Operating Corp</u>., 486 U.S. 800, 809 (1988).  It is unclear what the Federal Circuit intended by its reference to attorneys fees as a "substantial question" giving rise to Section 1338 jurisdiction, as Section 1338 was not at issue in <u>Imagineering</u>.  Sharp has not argued for jurisdiction on the basis of Section 1338 in this case.  Moreover, the attorneys fees issue that Sharp seeks to litigate here is itself based on the substantial patent question of Soundview's inequitable conduct, as to which this Court has determined that no actual controversy exists.

   This Court thus declines to read the Federal Circuit's discussion of Section 285 attorneys fees as a jurisdictional source as broadly as Sharp requests.  Regardless of whether a Section 285 counterclaim may be an independent source of jurisdiction, moreover, here Sharp has not pled such a

4

counterclaim. Sharp has pled "exceptional case" not as a counterclaim, but rather as part of its prayer for relief.[1] See Answer and Counterclaim of Counterclaim/Third Party Defendant, Sharp Electronics Corp., to Counterclaim re 754 Case [Doc. # 106] at 37.[2] Thus, while seeking Section 285 attorneys fees as a remedy for any bad faith conduct that occurred during this litigation is wholly appropriate, and this Court has on this basis considered the non-Soundview parties' motion for attorneys fees under Section 285, what is not appropriate, in this Court's view, is using Section 285 as an independent source of jurisdiction for the otherwise moot inequitable conduct issue.[3]

---

[1] While this Court acknowledges that it identified the issue as an "exceptional case counterclaim" in its Order of Stay Pending Appeal, the pleadings themselves nowhere describe exceptional case attorneys fees as a counterclaim. As reflected in Sharp's pleading, attorneys fees are more appropriately viewed as a remedy.

[2] It is also notable that Sharp also did not plead inequitable conduct as a separate counterclaim, and it is questionable whether its assertion of "unenforceability" of the '584 patent survives Rule 8's notice pleading standard. The Counterclaim incorporates by reference its affirmative defenses, which state that the "claims of the '584 patent are invalid (under at least 35 U.S.C. § 102, 103 and/or 112) and/or unenforceable with respect to Sharp's products." See Answer and Counterclaim of Counterclaim/Third Party Defendant, Sharp Electronics Corp., to Counterclaim re 754 Case [Doc. # 106] at at ¶ 88.

[3] Cooter & Gell v. Hartmarx Corp, 496 U.S. 384, 395-96 (1990), on which Sharp relies, is consistent with such a limitation on the scope of this Court's jurisdiction, as the Supreme Court there noted that the district court's jurisdiction was "invoked by the filing of the underlying complaint," which supported "consideration of both the merits of the action and the

Accordingly, upon reconsideration the Court declines to modify its earlier decision granting Soundview's motion to dismiss the remaining counterclaims.

                              IT IS SO ORDERED.

                                        /s/

                              _____
  _____Janet Bond Arterton, U.S.D.J.


**Dated at New Haven, Connecticut, this 12th day of July, 2005.**

---

motion for Rule 11 sanctions arising from that filing."  The attorneys fees that Sharp seeks for inequitable conduct would not arise from the claims that have been litigated, but rather, as this Court's earlier decision noted, would "create more litigation that is otherwise moot merely to create an alternative basis for attorneys fees."  See Ruling on Soundview's Motion to Dismiss [Doc. # 494].