UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

Sony Electronics, Inc., :
et al. :
                              :     Lead Docket
v.                             :     3:00cv754 (JBA)
                              :
Soundview Technologies, Inc. :

Order [Doc. # 472, 481]

The parties' motions for permission to file documents under seal [Docs. ## 472, 481] are DENIED, as no showing of good cause has been made. If either party wants to designate anything filed with the Court as confidential and place it under seal, that party will have to: (1) file a redacted public version of the document in which only the specific, narrowly drawn material that the party claims is confidential is redacted from the document; and (2) make a separate motion in accordance with D. Conn. L. R. 5(d), specifying precisely what the parties wish to be kept under seal and making a particularized showing of good cause as to why the Court should depart from the strong presumption against sealing any court records to public inspection. See Nixon v. Warner Comm., Inc., 435 U.S. 589, 597-99 (1978); United States v. Graham, 257 F.3d 143, 150 (2d Cir. 2001); United States v. Amodeo, 44 F.3d 141, 146 (2d Cir. 1995); Video Software Dealers Assoc. v. Orion Pictures, Corp. (In re Orion Pictures Corp.), 21 F.3d 24, 26 (2d Cir. 1994). As the Second Circuit recently made clear, the public and the press have a "qualified First Amendment

1

right of access" to inspect and make copies of judicial documents and docket sheets. <u>Hartford Courant Co. v. Pellegrino</u>, 371 F.3d 49, 59 (2d Cir. 2004).

In limited circumstances and upon a showing of compelling circumstances, this Court may order certain records to be sealed. <u>See</u> <u>Hartford Courant Co.</u>, 371 F.3d at 62-63 (judicial records enjoy a "presumption of openness," a presumption that is rebuttable only "upon demonstration that suppression is essential to preserve higher values and is narrowly tailored to serve that interest") (internal quotations omitted). However, "[i]n most cases, a judge must carefully and skeptically review sealing requests to insure that there really is an extraordinary circumstance or compelling need." <u>In re Orion Pictures Corp.</u>, 21 F.3d at 27 (citation omitted); <u>see</u> <u>Securities & Exchange Comm'n v. The Street.com</u>, 273 F.3d 222, 232 (2d Cir. 2001). Moreover, ordinarily, a court must make that determination on the basis of a careful document-by-document review of the particular portions of the document that a party wishes to be kept under seal and after considering whether the requested order is no broader than necessary to serve the interests that require protection. <u>See</u> <u>Amodeo</u>, 71 F.3d at 1050-51. A blanket sealing order would rarely, if ever, be appropriate. Furthermore, the parties' agreement to seal or limit disclosure of documents on file is not a sufficient basis for granting such an order. <u>Id.</u> Until either

2

party demonstrates the existence of extraordinary circumstances or a compelling need to seal from public view any particular portion of any specific document filed in this case, this Court will not depart from the governing strong presumption of open access.

Accordingly, the Court directs the parties to show cause within ten days why the Soundview's opposition to the Sony Parties' Motion for Attorneys Fees, and the parties' exhibits in support of their attorneys fees memoranda, should be sealed. If no response is received within ten days, the Court shall order these documents to be publicly docketed.

IT IS SO ORDERED.

_____
Janet Bond Arterton, U.S.D.J.

**Dated at New Haven, Connecticut:** July 15, 2005.