**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF CONNECTICUT**

| | |
|---|---|
| SONY ELECTRONICS, INC., et al.    ) | |
|     ) | |
| **Plaintiffs,**    ) | |
| v.    ) | **LEAD DOCKET NO.** |
|     ) | **3:00-CV-00754 (JBA)** |
|     ) | **U.S.D.C./New Haven** |
| SOUNDVIEW TECHNOLOGIES, INC., et al.    ) | |
|     ) | **ALL CASES** |
| **Defendant**    ) | |
|     ) | **September 12, 2005** |

**SHARP'S REPLY TO SOUNDVIEW'S RESPONSE**
**TO SHARP'S FEE CALCULATION**

Sharp Electronics Corporation (Sharp) hereby files this reply to the opposition of Soundview Technologies, Inc. (Soundview) to Sharp's attorneys' fees calculations concerning the Section 1927 award. Although Sharp could address many issues raised by Soundview, it will focus on the three most egregious arguments of Soundview.

First, Soundview asserts that "Sharp elected not to file a notice of appeal on the issues it lost in the Court's July 12, 2005 decisions" (page 1, footnote 1). Although Sharp initially thought that a Final Judgment had been entered, this document has not yet been entered. Indeed, the pending issue with respect to the Section 1927 attorneys fees needs to be resolved prior to the entry of such a Final Judgment. As a result, the time period for Sharp to file a notice of appeal has not yet begun to run. See, e.g., Rule 54(b), Fed. R. Civ. P., which provides

908986

that an order or decision that does not adjudicate all claims and issues shall not terminate the action as to any claim or issue.

Second, Soundview's arguments at pages 3-5 improperly summarize the activities and work performed by Sharp's counsel. Sharp respectfully requests that the Court review the invoices previously submitted by Sharp. These invoices demonstrate that Sharp's counsel acted reasonably on behalf of Sharp in an effort to protect Sharp's interests (which are not identical to those of the other non-Soundview parties).

Apparently, the real crux of Soundview's argument is that Sharp should have performed little or no effort to protect its interests in this case. To that end, Soundview asserts that Sharp should have acted in the manner of the Consumer Electronics Association, which did little work in this case on any issue (including the antitrust issue).

However, to take such an approach would directly violate, among other things, the ethical obligation of an attorney to zealously defend his/her client. Therefore, to protect Sharp's interest in this matter, Sharp's counsel needed to undertake legal research and the other activities normally associated with any briefing. Here, the billing records of Sharp also indicate the complicated nature of this antitrust briefing process, as illustrated by the various phone conferences between the non-Soundview parties that were necessary to resolve disputes as to the language and focus of the brief.

As noted above, Sharp's interests in this case have often been at odds with the interests of the other non-Soundview parties. This divergence in interests existed in the antitrust issues and it required Sharp and its counsel to undertake such reasonable legal work to fully protect Sharp's rights.

The divergence of interests on the antitrust issues is demonstrated, *inter alia*, by the separate brief filed by Sharp on December 13, 2002. See Attachment 1 hereto. This 5 page brief (including numerous citations to the depositions transcripts of various Sharp personnel) addressed issues that were not presented in the joint briefs filed by the non-Soundview parties on the antitrust issues. Further, as demonstrated in footnote 1 of that brief, these antitrust issues were raised by Soundview and they needed to be rebutted by Sharp.

<u>Third</u>, at pages 5-6, Soundview argues that it did not cause any "excess" fees because Soundview wanted to stay the Soundview antitrust claim. However, the Court did not accept Soundview's position and the Court **ordered** the parties to address the issue prior to the appeal to the Federal Circuit. Therefore, Soundview's argument has no merit. Having been ordered by this Court to brief the antitrust issues, it was necessary for Sharp to comply with that order.

Finally, and perhaps most importantly, it should be borne in mind that Soundview never provided any valid legal or equitable basis for its assertion that antitrust liability can arise based upon a refusal to take a license under a patent that is not infringed. This unsupported legal

position is what led to the award of the Section 1927 attorneys fees.

                SHARP ELECTRONICS CORP.


By: _____
    William M. Bloss,
    Federal Bar No. ct01008
    Koskoff Koskoff & Bieder, P.C.
    350 Fairfield Avenue
    Bridgeport, CT 06604
    Tel:  (203) 336-4421
    FAX:  (203) 368-3244


By:_____
    Robert W. Adams
    Updeep S. Gill
    NIXON & VANDERHYE PC
    1100 North Glebe Road. 8th Flr.
    Arlington, VA 22201
    (703) 816-4000

## CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing has been mailed as indicated below on this 12th day of September, 2005 to counsel for Soundview:

Raymond Niro, Esq.   (VIA FEDEX)
Robert P. Greenspoon, Esq.
Niro Scavone Haller & Niro
181 West Madison Street, Suite 4600
Chicago, Illinois  60602

John J. Bogdanski, Esq.   (VIA FEDEX)
Howd & Ludorf
65 Wethersfield Avenue
Hartford, CT  06114

_____
William M. Bloss

908986